OSBORNE E. HALLETT *vs.* CHARLES T. CROWELL.

Barnstable. January 8, 1919. — March 1, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* In use of highway, Violation of statute, Contributory. *Motor Vehicle.*

In an action for personal injuries sustained, after the enactment of St. 1914, c. 553, when the plaintiff was riding a motorcycle on a public highway more than half an hour after sunset, from running into a four wheeled farm wagon ahead of him going in the same direction, which was being driven in violation of St. 1911, c. 578, § 1, as amended, with no light attached to it, there was evidence that the plaintiff's motorcycle was lighted as required by law, that at the rate of speed at which he was going he could have stopped his machine within a distance of fifteen feet and that he was about twenty-five feet away when he saw the glitter of the reflection of his own headlight upon the rim of the right outside rear wheel of the defendant's unlighted farm wagon, that he immediately turned to the left as far as he could but came into collision with the left rear wheel of the wagon and was injured severely. *Held,* that it could not be ruled as matter of law that the plaintiff was negligent, it being a question of fact whether under all the circumstances he exercised the care of an ordinarily prudent traveller.

TORT for personal injuries sustained on June 6, 1916, at about half past eight o'clock in the evening when the plaintiff was riding a motorcycle on the main county road leading from Harwich to Yarmouth in the part of Dennis known as West Dennis and came into collision with a four wheeled farm wagon owned and driven by the defendant and alleged to have been unlawfully on the highway without any light or lights thereon. Writ dated August 14, 1916.

The answer in addition to a general denial alleged that the plaintiff was not in the exercise of due care and was guilty of contributory negligence.

In the Superior Court the case first was tried before *Dubuque,* J. At this trial the jury returned a verdict for the plaintiff in the sum of $3,582.25. There was a motion for a new trial, which was granted by the judge, and the case was tried again before *Raymond,* J. At this trial it was testified, and the evidence was not contradicted, that the defendant's wagon was headed in the same direction as the plaintiff's motorcycle, and it was agreed that the

collision, which occurred on June 6, 1916, on a public highway, caused the plaintiff's injury, and that the defendant was on the public highway at the time of the collision with a vehicle, and at an hour by law requiring a light, without a light. The time of the accident was fixed by the defendant at about eight o'clock in the evening. By the plaintiff and several other witnesses it was fixed at between eight thirty and eight forty-five o'clock in the evening. The night was described by the defendant as light. By the plaintiff and several other witnesses it was described as dark and misty. The defendant testified that he saw the plaintiff approaching and the plaintiff had no headlight burning; the plaintiff testified that at the time of the collision his head and rear lights were lighted; and the only other witness of the accident testified that as the plaintiff's motorcycle disengaged itself from the defendant's wagon after the collision and proceeded forward approximately thirty feet until the motorcycle with the plaintiff upon it fell to the ground, he saw the plaintiff's rear light burning.

The plaintiff testified that he was an experienced operator of motorcycles, and that at the time of the collision he was driving at a proper rate of speed, that before the collision he had turned out to the left side of the public highway to avoid a long series of piles of crushed stone dumped upon the right hand side of the highway and extending practically to the centre line of the travelled part of the highway, that, after passing the piles of stone, he turned to the right hand side of the highway and straightened out his course along the highway, and as he did so caught the glitter of his headlight upon the rim of the right hand or outside rear wheel of the defendant's wagon, and immediately turned to the left as far as he could, and as he so turned to the left caught the glitter of his headlight on the rim of the left hand rear wheel of the defendant's wagon, but was already turned as far to the left as he could turn, and then came into collision with the left hand rear wheel of the defendant's wagon, and was injured severely. The plaintiff further testified that on the night in question he could see twenty-five feet ahead of his motorcycle, that, going at the rate at which he was going on the night in question, he could bring his motorcycle to a complete stop within fifteen feet after he had seen an object ahead of him, that when he first saw the glitter of his headlight on the rim of

the right hand outer rear wheel of the defendant's wagon, it was twenty-five feet ahead of him and that at that time he had seen no other part of the defendant's wagon.

At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover. The judge refused to make this ruling and submitted the case to the jury with instructions to which no exceptions were taken. The jury returned a verdict for the plaintiff in the sum of $2,250; and the defendant alleged exceptions.

St. 1911, c. 578, § 1, as amended by St. 1914, c. 182, and by St. 1916, c. 30, which was approved on March 8, 1916, was as follows: "Every vehicle on wheels, whether stationary or in motion, on any public highway or bridge, shall have attached to it a light or lights which shall be so displayed as to be visible from the front and the rear during the period from one half an hour after sunset to one half an hour before sunrise: provided, however, that this act shall not apply to any vehicle which is designed to be propelled by hand, or to any vehicle designed for the transportation, as its principal freight, of hay or straw while loaded with such freight." The present statute is St. 1917, c. 344, Part V, § 18.

*A. L. Millan,* for the defendant.

*H. A. Harding,* for the plaintiff.

BRALEY, J. The presiding judge rightly refused to order a verdict for the defendant. The accident happened at about half past eight o'clock in the evening while the parties, each going in the same direction, were using a public way as travellers. It is argued that as matter of law the plaintiff was not in the exercise of due care. The jury doubtless could find that the plaintiff's motorcycle, lighted as required by law, could be stopped at the rate of speed he was going within a distance of fifteen feet and that he was about twenty-five feet distant when he saw the rear wheel of the defendant's unlighted farm wagon.

But the defendant was violating the statute, and the jury could find that the plaintiff did not know the wagon was ahead until he observed the glitter of his own headlight upon the rim of the right outside rear wheel of the wagon, when, although driving at proper speed and immediately turning to the left as far as he could, he came into collision with the left rear wheel of the wagon and was

injured severely.  Sts. 1911, c. 578, § 1; 1914, c. 182; 1916, c. 30;
1917, c. 344, Part V, § 18.

It was therefore a pure question of fact whether under all the
circumstances he exercised the care of the ordinarily prudent
traveller.  *Hennessey* v. *Taylor*, 189 Mass. 583, 584.

*Exceptions overruled.*