EMIL R. TUTSCH, APPELLEE, V. OMAHA STRUCTURAL STEEL WORKS, APPELLANT.

FILED JUNE 27, 1923.   No. 22464.

Negligence: QUESTION FOR JURY. Under the facts detailed in the opinion, the questions of negligence and contributory negligence were for the jury.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*Switzler, Ringer, Switzler & Shackelford,* for appellant.

*Joseph T. Votava, contra.*

Heard before LETTON, ROSE, DAY and ALDRICH, JJ., REDICK, District Judge.

REDICK, District Judge.

This is an action to recover damages to plaintiff's automobile, claimed to have been caused by negligence of defendant. Plaintiff alleges that, as he was driving west on the Lincoln Highway about 6:30 a. m., December 15, 1915, he was suddently confronted with a ditch about ten feet wide across the road; that he was traveling at a moderate speed, and upon discovery of the ditch applied his brakes and turned the car to the left to avoid the ditch, and ran into and upon a pile of dirt on the south side of the road, thereby upsetting his car and damaging it in the sum of $679.60. Plaintiff further alleges that there were no lights or barriers to warn travelers of the existence of the ditch. Defendant answered with a general denial, and allegation of contributory negligence, which was denied by a reply. Verdict and judgment for plaintiff for $437.50 and interest, and defendant appeals.

The evidence fairly establishes these facts: Defendant was the contractor of the county constructing a bridge at the place in question. He dug a trench across the road for the purpose of putting in a concrete abutment, which had been placed, but the ditch, about ten feet wide and nine feet deep, had not been filled, the wooden forms not having been removed. In digging the trench the dirt had been thrown up to the south side of the traveled way and encroached thereon to an extent varying from a few inches to nearly half way across; the witnesses differing. The dirt pile extended lengthwise of the road about fifteen feet, and was four or five feet high and sloping down. The abutment was at the east end of the bridge and the ditch

Tutsch v. Omaha Structural Steel Works.

east of the abutment. Around the bridge a temporary road had been provided connecting with the highway a short space east of the pile of dirt. The morning in question was very dark and a slight covering of snow was on the ground. A red lantern was hung upon a post near the east end of the pile of dirt and was burning as late as 3:20 a. m., but was not there at 6:30, and later was found in the ditch. There was no barricade across the road east of the ditch, but a plank had been laid across the bridge resting upon the ground at an angle of 45 degrees toward the west. Plaintiff approached the bridge driving a Jackson car at the rate of 8 to 12 miles an hour, brakes in good order, and presto-lights which illumined the road for 25 to 30 feet ahead. The car could be stopped in ten feet. He saw the ditch when about 15 to 20 feet from it, had observed the plank just previously, and took it to be the floor of the bridge about a foot higher than the roadway. Upon observing the ditch, and not having seen the pile of dirt, he immediately put on his brake and turned to the left to avoid running into the ditch, and the car upset, throwing the occupants to the ground, but without injury to them.

Defendant assigns error in the overruling of his motion for a directed verdict at close of plaintiff's evidence and at close of all the evidence on grounds (1) that no negligence of defendant was proved, (2) that plaintiff was guilty of more than slight contributory negligence.

As to the first point, we think the evidence sufficient to present a question for the jury whether defendant was negligent in not placing a barricade across the road east of the ditch. One witness testified to such barricade, but he was clearly mistaken. It is a debatable question whether a red light placed at the side of the road on the pile of dirt was a sufficient warning of the impassability of the road itself. It was a warning to keep to the right of the light, but had no tendency to give notice of defects beyond. A red light upon an obstruction at the side of

a road gives notice not to come there, but impliedly invites the traveler to proceed, having observed the caution. This is a very common experience which must be reckoned with by those called upon to exercise ordinary care in such situations. Plaintiff would have passed the pile of dirt safely had it not been for the ditch.

On the second point defendant contends that, inasmuch as plaintiff testified that he could stop his car in ten feet, and that he observed the ditch at 15 or 20 feet, as a matter of law he was guilty of more than slight negligence. The conclusion is not inevitable; it is unsafe to draw a final conclusion from two isolated facts. In determining whether or not plaintiff acted as a reasonably prudent man, there must be considered the surrounding conditions, such as the darkness of the morning, the uncertainties of artificial light, the suddenness with which the danger confronted him, the quality of the danger, the absence of the red light which might have better prepared him to meet the danger, etc. While defendant might not be responsible for the absence of the light, it was a circumstance to be noticed in measuring plaintiff's conduct.

It may be true that if plaintiff had not turned he could have stopped short of the ditch, but the question remains whether, being placed in the position by defendant's negligence, he exercised ordinary care in the emergency. If he did, defendant is liable, though it may appear that by pursuing a different course he would have escaped. With these considerations in mind, even if the red light had been there, we think it would be a fair question for the jury whether it was so placed as to give sufficient warning of the real danger ahead, and notwithstanding plaintiff testified on cross-examination that the light would have been a suitable warning for him to watch himself and he would not have run so close to the ditch. It would hardly be fair to hold plaintiff irrevocably to an opinion based upon a suppositious case.

We are asked to apply a hard and fast rule that, where a driver of an automobile is going at such a rate of speed

that he cannot stop within the distance that he can plainly see obstructions ahead of him, he is not using ordinary care, as approved in *Lawson v. Fon du Lac,* 141 Wis. 57; *Scott v. O'Leary,* 157 Ia. 222; *West Construction Co. v. White,* 130 Tenn. 520; *Solomon v. Duncan,* 194 Mo. App. 517; *Ebling v. Nielsen,* 109 Wash. 355; and *Knoxville R. & Light Co. v. Vangilder,* 132 Tenn. 487. All but two of those cases involved obstructions in plain sight upon the side of the road, and involved other considerations, such as excessive speed, inattention, etc. They follow the Wisconsin case, in which plaintiff had only one light tilted down and his car ran through and knocked down barriers across the road 24 feet from the ditch. The Iowa case was a head-on collision with a horse and buggy on the proper side of the road, and involved excessive speed and inattention. Those cases are clearly distinguishable. A driver may expect to find obstructions at the side of the road, but can hardly be called upon to anticipate an unguarded ditch across it. In the former cases the danger may generally be avoided by turning out, as was stated. The asserted analogy is imperfect.

Error is assigned for refusal of the court to give instruction asked by defendant to the effect that, if defendant placed the light using ordinary care, its duty was fulfilled, and it would not be liable for its removal without notice. This was sufficiently covered by instruction No. 4 given by the court, after stating the duty resting upon defendant, in these words: "On the contrary however, if you find by a preponderance of the evidence that the defendant had taken such precautions to warn the plaintiff and others attempting to use the roadway at the point in question of the danger of so doing, then the plaintiff cannot recover and your verdict should be for the defendant."

Error is assigned for refusal of the court to give request No. 4 of defendant, but as the only objections urged thereon relate to the alleged error in overruling defendant's motion for a directed verdict for want of proof

of negligence of defendant, and for more than slight negligence of plaintiff, and these questions having been disposed of, we do not deem it necessary to further consider this assignment.

Finding no error in the record, the judgment is

AFFIRMED.