### DIEDERICHS v. DUKE.

### WINGAR v. SAME.

1. NEGLIGENCE — MOTOR VEHICLES — TAIL LIGHTS — COLLISIONS — QUESTION FOR JURY.

In an action for personal injuries caused by a collision of plaintiffs' automobile with the rear of a trailer attached to defendants' truck, alleged to be without tail lights, the question of defendants' negligence and whether it was the proximate cause of the injuries, *held*, upon the record, properly submitted to the jury.[1]

---

[1]Motor Vehicles, 28 Cyc. pp. 40, 49 (Anno).

Existence and condition of lights on automobile as affecting right of operator or owner to recover for negligence, see note in 14 A. L. R. 794.

Violation to statute or ordinance as to speed of automobile as affecting violator's right to recover for negligence, see note in 12 A. L. R. 463.

2. SAME—CONTRIBUTORY NEGLIGENCE.

    In such action, whether plaintiffs were guilty of negligence which caused or contributed to the accident was, under conflicting testimony, a question for the jury.[2]

3. SAME—MOTOR VEHICLES—DUTY TO DRIVE WITHIN RANGE OF LIGHTS.

    One driving an automobile at night at such speed that it cannot be stopped within the distance objects can be seen ahead of it is guilty of negligence.[3]

Error to Wayne; Miller (Guy A.), J. Submitted January 22, 1926. (Docket Nos. 172, 173.) Decided March 20, 1926.

Separate actions of case by Mabel Diederichs and Tekla G. Wingar, administratrix of the estate of Edwin Wingar, deceased, against Coral W. Duke and Alexander McCracken, copartners as the Duke Cartage Company, and another for personal injuries. The cases were consolidated and tried as one. Judgments for plaintiffs. Defendants bring error. Affirmed.

*Oxtoby, Robison & Hull* (*Lawrence E. Brown,* of counsel), for appellants.

*Charles A. Lorenzo,* for appellees.

SHARPE, J. These cases involve the same accident, were tried together in the court below, heard together here on a single record and will be disposed of in one opinion. Plaintiff Mabel Diederichs owned a Ford coupé which she drove daily from her home in Warrendale subdivision to her place of employment, a distance of about nine miles. Edwin Wingar was a neighbor of hers. On January 5, 1924, in the early morning he was riding with Mrs. Diederichs to his place of employment. They were driving on Warren avenue. Defendants Duke and McCracken did business as Duke

---

[2]Motor Vehicles, 28 Cyc. p. 49; [3]Id., 28 Cyc. p. 29.

Cartage Company and defendant Tacia was one of their drivers operating a speedwagon with trailer attached, hauling automobile bodies from Detroit to Toledo.   The speedwagon and trailer were either standing on Warren avenue or moving slowly; there was testimony that the tail lights were not burning. Mrs. Diederichs' car came into collision with the rear end of the trailer; her car was completely demolished; she received slight injuries; and Mr. Wingar was quite seriously injured.   He later died although the testimony did not connect the accident and his death. Tekla G. Wingar is his widow and administratrix of his estate.   Two questions are before us:

(1) Was there sufficient evidence to take the question of defendants' negligence to the jury?

(2) Should the court have directed a verdict for defendants on the grounds of contributory negligence of Mrs. Diederichs?

1. Plaintiff's testimony tended to show that the tail lights on the trailer were not burning; defendants' that they had been lighted but a few minutes before; all agree that it was early in the morning; plaintiff's testimony tended to show that it was quite dark at the point of accident; defendants' that there was considerable light coming from a filling station and a street lamp nearby.   Upon this record we think defendants' negligence and whether it was the proximate cause of the accident presented questions for the jury. *Hanser* v. *Youngs*, 212 Mich. 508.

2. Mrs. Diederichs was driving with her dimmers on and defendants insist the court should have held as matter of law that she was guilty of contributory negligence.   It is settled law in this State that one driving an automobile in the dark at such a speed that it can not be stopped within the distance objects may be seen ahead of it is guilty of negligence. *Spencer* v. *Taylor*, 219 Mich. 110; *Gleason* v. *Lowe,*

232 Mich. 300; *Holsaple* v. *Sup'ts of Poor of Menominee Co.,* 232 Mich. 603.    But Mrs. Diederichs gave testimony to this effect: That with her dimmers on she could see ahead 20 to 25 feet; that she was driving about 12 miles an hour; that going at that rate she could stop her car on a dry pavement within 10 or 12 feet; that coming down Warren avenue that morning the pavement was dry; that when she saw the trailer ahead of her she at once applied her brakes only to learn too late that there was a small strip of icy pavement just behind the trailer which was the same color of the pavement and was not discernible from it; had the pavement been of the same character she had been driving over that morning she could have stopped in time to have avoided the accident.    Whether driving with only dimmers on or any other negligent act of Mrs. Diederichs caused or contributed to the accident was, we think, a question for the jury under all the testimony.    *Beebe* v. *Hannett,* 224 Mich. 88, and authorities there cited; *Gleason* v. *Lowe, supra.*

The judgment will be affirmed.

BIRD, C. J., and STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.    SNOW, J., did not sit.