## MOSTOV v. UNKEFER.

*Negligence—Automobile collides with truck parked without lights on highway after dark—Wife, riding with husband, sues truck owner for injuries—Imputed negligence— Rights of parties governed by law of state where tort committed—Automobile driver's contributory negligence as matter of law—Directed verdict depends upon facts of particular case, when—Exercise of care by automobile driver, question for jury, when—Automobile driver may assume truck driver would obey parking law—Leaving truck unlighted constitutes gross negligence and creates nuisance, when—Automobile driver liable to guest, where imputed negligence does not prevail—Verdict for passenger not manifestly against the weight of evidence, when.*

1. In determining whether doctrine of imputed negligence applies in action for injuries arising out of automobile collision which occurred in another state, rights of parties are governed by law of place where tort is committed, if such law is pleaded and proved.
2. Whether in jurisdiction where doctrine of imputed negligence prevails verdict should be directed on ground that driver of automobile in which plaintiff is riding is guilty of contributory negligence as matter of law depends on facts of particular case.
3. In action for injuries resulting from collision of automobile in which plaintiff was riding with truck parked on highway without lights, evidence that plaintiff's driver, traveling 25 miles per hour, could see by his lights a substantial object 200 feet away, and saw truck when 75 or 100 feet therefrom, made case for jury under the circumstances of the particular case, plaintiff not being guilty of contributory negligence as matter of law under the doctrine of imputed negligence which prevails in Michigan.
4. Driver of automobile on highway has right to assume that law would be obeyed, and that unlighted truck would not be left parked on paved portion of a much traveled high-

way unless he has or in the exercise of ordinary care should have knowledge to the contrary.

5. Driver of truck, leaving truck on paved highway for a considerable time after dark without lights, in violation of law, is guilty of gross and wanton negligence if not a willful act of wrongdoing, creating a "nuisance."

6. Where doctrine of imputed negligence does not prevail, driver of automobile may be liable for negligence at suit of guest riding in his car.

7. In action against owner of truck by passenger riding in automobile, for injuries resulting from collision of automobile with truck parked on highway after dark without lights, verdict for plaintiff was not manifestly against weight of evidence, from which jury might have found that absence of lights on truck was sole cause of collision.

(Decided February 8, 1927.)

ERROR: Court of Appeals for Lucas county.

*Mr. Eugene Rheinfrank*, for plaintiff in error.
*Mr. John P. Manton*, for defendant in error.

WILLIAMS, J. The plaintiff, Viola R. Unkefer, brought an action for damages for personal injuries in the common pleas court of this county against the defendant, Sam Mostov, and recovered a verdict and judgment for $3,000. Sam Mostov, as plaintiff in error, brings this proceeding in error, for a reversal of that judgment.

The evidence tends to show the following state of facts: The defendant was a dealer in paper stock and scrap iron in the city of Toledo. On December 6, 1924, an agent of his was operating a truck in a southerly direction upon the New Dixie Highway, one of the main arteries of travel between Detroit and Toledo. Late in the afternoon, when the driver of the truck was about eight miles

north of the city of Toledo, and still in the state of Michigan, the gasoline gave out, and he went away, leaving the truck, without lights, standing upon the right or west part of the paved portion of the highway. About a quarter after 4 in the afternoon the defendant was advised that the truck had run out of gasoline. About noon on the afternoon of the same day the plaintiff, with her husband, Frederick D. Unkefer, started from Port Huron, bound for Cleveland, via Detroit and Toledo, in a Ford coupe purchased new in the latter part of 1922. The husband was driving, and his wife was seated to his right. From Detroit to Toledo he drove along the New Dixie Highway, and as he approached the truck, standing without lights, it was "medium dark." The lights on the Ford coupe shone about 200 feet ahead and would disclose a substantial object on the highway that distance ahead. Unkefer, as he approached the truck, still standing there, was looking ahead, and he first saw it when it was within 75 to 100 feet away. The brakes of the coupe were in good order, and he endeavored to stop the car, or to avoid hitting the truck, but was unable to do so, and the coupe came in collision with it, severely injuring the plaintiff. The coupe could be stopped within 30 to 50 feet after actual application of the brakes. At the time Unkefer first saw the truck, the coupe was traveling at the rate of 25 miles per hour.

Should the court below have directed a verdict for the defendant? In determining this question we must have in mind that it is conceded that under the law of Michigan the doctrine of imputed negligence prevails, and that, if the driver of the coupe was guilty of contributory negligence, the

plaintiff's right to recover would be barred thereby. In determining whether the doctrine of imputed negligence would apply, the rights of the parties would be governed by the law of the place where the tort is committed; the law of the state of Michigan having been, in the instant case, pleaded and proved. 5 Ruling Case Law, 1036; 12 Corpus Juris, 452, Section 35.

While there are cases in which it has been held that, where an automobile is driven at such a rate of speed that it cannot be stopped within the range of its lights, the driver is guilty of negligence as a matter of law, there is respectable authority to the contrary. *Murphy* v. *Hawthorne*, 117 Or., 319, 244 P., 79, 44 A. L. R., 1397; *Tutsch* v. *Omaha Structural Steel Works,* 110 Neb., 585, 194 N. W., 731; *Spiker* v. *City of Ottumwa,* 193 Iowa, 844, 186 N. W., 465; *Brigden* v. *Pirozzi,* 97 N. J. Law, 535, 117 A., 602; *Kaufman* v. *Hegeman Transfer & Lighterage Terminal, Inc.,* 100 Conn., 114, 123 A., 16; *Haynes* v. *Doxie,* 52 Cal. App., 133, 198 P., 39; *Hallett* v. *Crowell,* 232 Mass., 344, 122 N. E., 264. There may be cases where the principle could properly be applied, as where a driver runs his car forward in utter darkness, at 60 miles an hour, with lights dimmed. On the other hand, it should not be applied indiscriminately as a hard and fast rule. Whether a verdict should be directed on the ground that the driver is guilty of contributory negligence, as a matter of law, we think, should depend upon the facts of the particular case. While the facts might be such as to make the contributory negligence of the driver undisputed, and a question for the court, in other cases

different minds might reach different conclusions on that question, and it would be one for the jury.

The case at bar is distinguishable because there is evidence, as stated, to the effect that the driver of the car could see by his own lights a substantial object 200 feet ahead, and actually saw the truck when 75 or 100 feet therefrom, and could have stopped his car in from 30 to 50 feet. The driver explained his action by saying that he was constantly keeping a lookout ahead and that when he saw the truck he applied the brakes as soon as he was able to do so.

Are we able to say, as a matter of law, that the driver's explanation was untrue or impossible? If not, then it is for the jury to determine its truth and probability. The plaintiff testified that the truck was not a substantial object, and the jury found, in answering one of the interrogatories, that it was not. The court, it seems, did not define the meaning of that term, within the meaning of the Michigan statute. However that may be, it seems to us that the driver might have been exercising ordinary care in keeping a lookout ahead, and the background of the truck, its peculiar construction, and the reflection of the light thereon might have been such that it was impossible for the driver to discover it, by the exercise of such care, until he approached to within 75 or 100 feet. As, at 25 miles an hour, the coupe would move 36-2/3 feet in one second, startled by the sudden discovery of the truck he may have been unable to make the brakes take effect for a second or two. The Legislature in Michigan, and also in Ohio, knowing that unlighted vehicles upon the highway are frequently run into, and are a source of great

danger, have required by law that a red light be displayed at the rear thereof. If a red light had been on the truck, it is probable that the collision would not have taken place. The jury may have found, and would have been justified in finding, that the absence of such red light was the sole and proximate cause of the collision.

It is claimed, however, that the case of *Toledo Terminal Rd. Co.* v. *Hughes,* 115 Ohio St., 562, 154 N. E., 916, decided by the Supreme Court of Ohio December 28, 1926, is conclusive of the present case. We have carefully examined the syllabus and opinion and have reached the conclusion that it is not. In that case the driver of the automobile knew that he was approaching a railroad track, which is a place of danger, and was on his guard, looking for the crossing. In the instant case the driver of the coupe had a right to assume that the law would be obeyed and that an unlighted truck would not be left parked on the paved portion of a much traveled highway, and was therefore confronted with a sudden and unexpected emergency. We have also examined with care the case of *Kelly* v. *Knabb* (D. C.), 300 F., 256, cited at the conclusion of the opinion of the court in the *Terminal Railroad case, supra,* and feel that it is not conclusive, as both the syllabus and the opinion of the court must be construed in the light of the facts involved.

Being of the opinion that the question involved is an open one in Ohio, we feel that we ought to declare a rule that will, to the greatest extent, promote the safety of travel upon the public highways and do justice as between litigants.

There are especially two reasons why we hesi-

tate to hold that the driver of the coupe was guilty of contributory negligence as a matter of law. In the first place, if a person may leave an unlighted truck upon a highway for a considerable length of time after it becomes dark, with the knowledge that he will not be liable to the driver of another automobile which runs into it, he will be encouraged to leave it there to the menace of the traveling public. The driver of the truck was guilty of gross and wanton negligence, if not a willful act of wrongdoing, which created a nuisance, in leaving a truck unlighted upon a much traveled highway for a long time after dark. To hold that every one who runs into it is guilty of contributory negligence as a matter of law would be to encourage the practice and endanger the lives of those driving on the highway.

In the second place, we hesitate to declare a rule that might mulct the driver of an automobile in damages at the suit of a third person without the right to have the question of his negligence submitted to the determination of a jury. We recently had before us the case of a collision between an electric car operated upon a private right of way and a trailer at a grade crossing, which involved the liability of the owner for causing, through alleged negligence of the driver of the truck, the death of the motorman and four passengers on the electric car. *Liberty Highway Co.* v. *Callahan, Admx., ante,* 374, 157 N. E., 708. In such a case, if the driver of an automobile were held to be guilty of actionable negligence as a matter of law, there would be nothing to submit to the jury but the amount of the damages. It does not follow that, where actionable negligence, or con-

tributory negligence, is undisputed, the rule would not be applicable, but we think it does follow that the rule should be, and must be, applied with great caution. This point is emphasized when we remember that, in states where the doctrine of imputed negligence does not prevail, the driver of an automobile may be liable for negligence at the suit of a guest riding in his car.

We have examined *Webster* v. *Pollock*, 15 Ohio App., 102, and are of the opinion that the principle there should not be applied to the present case. There the driver of the automobile was driving at some speed, with the lights dimmed, and plunged into a drove of cattle. The question arose on the charge, and the trial court did not direct a verdict. It is clearly distinguishable from the case at bar.

After weighing the evidence in this case carefully, we have come to the unanimous conclusion that the verdict is not so manifestly against the weight of the evidence that we ought to disturb it on that ground.

We have made a painstaking examination of the other alleged errors and find that there are none prejudicial to the rights of the plaintiff in error.

For the reasons given, the judgment of the court below will be affirmed.

*Judgment affirmed.*

CULBERT and RICHARDS, JJ., concur.