## PAGE v NEILAND et

### Ohio Appeals, 6th Dist, Wood Co

### No 435. Decided Feb 15, 1929

Dunn & Dunn, Findlay, and George A Cheney, Bowling Green, for Page.

N R Harrington, Bowling Green, for Neiland, et.

LLOYD, J.

The bill of exceptions discloses that the trial judge gave as his reason for so doing that "he (Page) places the blame for his collision upon the fact that there was an automobile coming with lights, and these lights so blinded him and obscured his vision that he was unable to see ahead; to look ahead and see this truck. If he was in that condition so as to be unable to see ahead, it was his duty to lessen the speed of his automobile so that he might stop if any obstruction came within his view before his automobile reached that obstruction, and because of his failure to do this, he was guilty of negligence that contributed directly to the injury that he received, and he is not entitled to recover in this cause". In other words, the absolute duty of Page was to operate his automobile at such a rate of speed as that he could stop it within the distance that the truck could be seen by him. The evidence, as has already been said, does not disclose how far the dimmed lights from the headlights thereon shone on the pavement in front of his automo-bile, but assuming that this distance was less than that required by 6310-1 and 12614-2-3, GC, as defendants in error seem to assume was the fact because the lights were dimmed, such fact, although negligence per se, would not determine what was the proximate cause of the collision. Admittedly not only is it negligence to permit a truck to stand upon the highway in the night time with no light thereon, but as was said by this court in the case of **Mostov vs. Unkefer, 24 Ohio App., 420,** to do so is gross negligence. Unless he knew or in the exercise of ordinary care would have known thereof, Page was not bound to assume that a truck would be left on the travelled portion of the highway without a warning light thereon, but on the contrary had a right to assume and proceed on the basis of that assumption, that no such emergency would arise. To hold that the driver of an automobile is guilty of contributory negligence as a matter of law if he operates his automobile at night at such a rate of speed as that he can not stop upon seeing an unlighted truck standing on the highway before colliding therewith, is to invite rather than discourage similar acts of negligence and to provide a rule of avoidance instead of observance of the duty imposed on those operating motor vehicles on public highways in the night time to provide some lights or signals, as the law requires, for the protection of others travelling thereon.

It may well be that a jury would find that the failure to have a proper light on the rear of the truck was the proximate cause of the accident, and it might so find regardless of whether or not the headlights on the Page car cast a light on the roadway for the distance required by statute. If he violated a statute in that regard he would be guilty of negligence per se, but in our judgment whether, if he was so negligent, such negligence was the proximate cause of the collision in question, is for the jury to say. We cannot say as a matter of law, under the facts and circumstances disclosed by the evidence, that all fair-minded and reasonable men would agree that Page was guilty of contributory negligence, and we therefore conclude that the judgment of the court of common pleas must be reversed and the action remanded for a new trial.

In our judgment a careful reading of the opinion of the Supreme Court in **Tresise vs. Ashdown, 118 Ohio St., 309,** especially in view of the authorities cited with approval at page 313, thereof, justifies and requires this conclusion. The following authorities are in accord with those there cited:

Mayer vs. Vaughan, 242 111, App., 308;
Seibert vs. Goldstein Co., 99 New Jersey Law, 200
Coca-Cola Bottling Co. vs. Shipp. 174 Ark., 130.

We call attention also, to the case of **Doran vs. Bethards, 26 Ohio App.**
For the reasons given the judgment of

**346**

the court of common pleas is reversed and the cause remanded for further proceedings according to law.

Williams and Richards, JJ, concur.