THE INTER STATE MOTOR FREIGHT CO. *v.* JOHNSON.

364

(Decided May 6, 1929.)

*Mr. William H. McLellan, Jr.,* and *Mr. George H. Lewis,* for plaintiff in error.
*Messrs. Thurstin & Riehm,* for defendant in error.

LLOYD, J. We will refer to the Inter State Motor Freight Company as the defendant and to Albert E. Johnson as the plaintiff.

At about 4 o'clock in the morning of Monday, September 28, 1925, the plaintiff was driving an automobile northerly on the Telegraph road, so called, in the state of Michigan. By occupation he was a locomotive engineer in the employ of the Detroit, Toledo & Ironton Railroad, and at the time above mentioned was about three miles northerly of Erie, Michigan, on his way from Toledo, where he lived, to Detroit, where his day's work began. A truck of the defendant company, headed in the same direction as that in which plaintiff was proceeding, was standing on the right side of the paved portion of the road, and, according to the testimony of the plaintiff, had no lighted lamps thereon. Plaintiff testifies that the road was paved with concrete, and that the pavement was dry, that his headlights were burning, that he could see ahead of him "around 200 feet," and that "it generally lights the entire road; shows

plain the entire road." Referring to the truck on the highway, plaintiff testifies: "I saw the object, I should say maybe 200 feet ahead of me, could not exactly distinguish what it was until I got in the matter of 40 or 50 feet, seeing it was an automobile; the automobile being of a dark nature, the same as the streets, and the morning was awful dark, I just simply ran into it, ran into this truck." Then follows in the record these questions and answers:

"Q. When did you first know and ascertain that there was an obstruction in the road ahead of you, at what distance from the obstruction were you, or from this truck? A. Well, it must have been in the neighborhood of two car lengths.

"Q. And what attracted your attention to the truck? A. A dark object in the street. It seemed like a dark object at first.

"Q. What do you mean 'a dark object?' A. Well, it looked like a dark object before I got to it; the truck being sort of dark in the night, the color of the street. I could not hardly tell what it was.

"Q. And you collided with the truck, you ran into it? A. I ran into the rear of it."

He testifies also that after first seeing the object he continued to drive as theretofore, at a speed of about 20 to 25 miles an hour, until he applied his brakes when "around 40 feet from the car," that, when he hit the truck, the speed of his automobile was about 15 miles an hour, and that going at a speed of from 20 to 25 miles an hour he "ought to be able to stop in 30 feet, 40 feet; between 30 and 40 feet." As a result of the collision, the automobile of plaintiff was damaged, and he sustained personal injuries. There is no conflict in the evidence as to

what plaintiff himself says that he saw and did on this occasion other than as to whether there was any light on the rear of the truck.

In his petition the plaintiff pleads certain statutes of the state of Michigan providing that "it shall be unlawful to park a vehicle on the beaten track or paved surface of any highway outside the limits of any village or city" [Public Acts of Michigan, 1923, No. 96, Section 5(f)], that "vehicles and trailers shall also have one rear red light visible when lighted for 100 feet behind such vehicle," and that "all trucks weighing more than two tons  *  *  *  operated on the public highways except within the limits of incorporated cities and villages, shall display in the front and in the rear three green warning lights of sufficient candle power to be plainly visible at a distance of not less than 200 feet." Public Acts, Michigan, 1925, No. 287, Section 16(b). The amended answer of defendant is in effect a general denial, with a plea of contributory negligence. Defendant pleads, in substance, that at the time of the collision there was and now is a statute in the state of Michigan which provides that every motor vehicle operated on the public highways shall be equipped with two headlights capable of clearly lighting the highway at least 200 feet ahead; that the law of the state of Michigan as announced by its Supreme Court is that it is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it, and that plaintiff on the night in question so drove his automobile that he could not stop the same within the distance at which he could and did see the defend-

ant's truck. The statutes so pleaded by plaintiff and defendant were admitted in evidence. The defendant offered, and there were received in evidence, two decisions of the Supreme Court of Michigan: *Spencer* v. *Taylor,* 219 Mich., 110, 188 N. W., 461, and that portion of *Diederichs* v. *Duke,* 234 Mich., 136 (207 N. W., 874), commencing at the bottom of page 138. The plaintiff, denying that the law of Michigan was as claimed by defendant, offered, and there were received in evidence, the decisions of the Supreme Court of Michigan in *Diederichs* v. *Duke, supra,* and *Beebe* v. *Hannett,* 224 Mich., 88, 194 N. W., 542. At the conclusion of all of the evidence, and before argument, the defendant requested of the court in writing to direct the jury to return a verdict in favor of the defendant, which was refused. Thereupon the issues involved were submitted to the jury, resulting in a verdict of $2,500 in favor of the plaintiff.

The defendant claims that the judgment rendered on this verdict should be reversed and final judgment entered in favor of defendant, for the reason that the evidence discloses that plaintiff was guilty of contributory negligence as a matter of law. The defendant also contends in its brief that in any event the judgment should be reversed, because excessive, and because the trial judge erred in his charge to the jury. In view of the conclusion at which this court has arrived, it is necessary to discuss but the one question whether the plaintiff was guilty of contributory negligence as a matter of law. If, under the law and the evidence, he was so guilty of contributory negligence, then the trial court, as requested by the defendant, should have directed a

verdict in its favor. We may start with the premise that the law of Michigan as announced by its Supreme Court is applicable to the question now under consideration. In the case of *Mostov* v. *Unkefer,* 24 Ohio App., 420, 157 N. E., 714, where the question was whether the courts of Ohio would apply the law of Michigan, which imputes to a guest the negligence of the driver of an automobile, it was held that the rights of the parties in an action for injuries arising out of an automobile collision which occurred in another state are governed by the law of the place where the tort is committed, if such law is pleaded and proved.

The writer was the trial judge in the court of common pleas by whom the *Mostov case* was tried. In that case the law of Michigan as to the doctrine of imputed negligence was pleaded and proved, but the law of Michigan as to contributory negligence was neither pleaded nor proved. The jury, therefore, was instructed as to the law prevailing in Michigan as to the question of imputed negligence and as to the law of Ohio as to contributory negligence; the court being of the opinion that, under the law of Ohio, Unkefer, the driver of the automobile, was not guilty of contributory negligence as a matter of law. The *Mostov case,* therefore, has no application to the instant case other than to hold that the law of Michigan governs the rights of the parties, if pleaded and proved.

What, then, was the law of Michigan as to the doctrine of contributory negligence at the time of the occurrence in question?

In *Spencer* v. *Taylor, supra,* the facts were that Spencer the plaintiff had dimmed the lights on his

automobile while passing another car in the night-time. Driving with such lights, and with a spot-light lighting the margin of the traveled road just in front of his right wheel, he collided with the rear of an unlighted truck standing upon the margin of the traveled portion of the highway. The court held that Spencer was guilty of contributory negligence as a matter of law, saying at page 112 of the opinion (188 N. W., 462): "It is well settled that it is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it."

The court cites with approval the case of *West Construction Co.* v. *White*, 130 Tenn., 520, 172 S. W., 301, 302, where it is said: "If the lights on the automobile would disclose obstructions only ten yards away, it was the duty of the driver to so regulate the speed of his machine that he could at all times avoid obstructions within that distance."

In the case of *Diederichs* v. *Duke, supra*, the Supreme Court of Michigan again announced that one driving an automobile at night at such speed that it could not be stopped within the distance objects can be seen ahead of it is guilty of negligence, but held that, because of the peculiar facts shown by the record, the question of what was the proximate cause of the collision was properly submitted to the jury.

The facts there were, as the evidence tended to show, that Mrs. Diederichs, who was driving her automobile at about 12 miles an hour, would have stopped and avoided the ensuing collision except for the fact that there was a strip of icy pavement just behind the truck with which she collided, which strip

was the same color as the pavement and was not discernible from it.

The case of *Beebe* v. *Hannett, supra,* has no bearing upon the situation in the instant case. In that case the plaintiff was driving his automobile along the right side of a public highway, having but one lighted lamp on the left side of the front of his automobile instead of one on each side thereof, as was required by statute. A Mr. Stewart, the driver of the automobile approaching upon the highway from the opposite direction, who saw the light on plaintiff's automobile, and knew that a vehicle of some kind was coming toward him, collided therewith in attempting to pass it. The court held that "before plaintiff's violation of the statute, in failing to have a lighted lamp on the right front of his automobile, can be held to bar recovery, it must be found to have caused or contributed to cause the accident. Whether such causal relation existed between plaintiff's said failure and the accident was, under the proofs, a question of fact for the jury."

The case of *Ruth* v. *Vroom,* 245 Mich., 88, 222 N. W., 155, was decided December 4, 1928, which was subsequent to the trial of the instant case, and, although not in evidence, we think it may be referred to as interpretive of the law of Michigan in relation to the question under consideration, since the *Spencer case* is cited therein and approved. It is stated in the opinion: "The rule adopted by this court does not raise merely a rebuttable presumption of negligence. It is a rule of safety. * * * It is not enough that a driver be able to begin to stop within the range of his vision, or that he use diligence to stop after discerning an object. The rule makes no

allowance for delay in action. He must, on peril of legal negligence, so drive that he can and will discover an object, perform the manual acts necessary to stop, and bring the car to a complete halt within such range.''

Applying the law of Michigan as announced in the foregoing decisions, we are unable to avoid the conclusion that the plaintiff was guilty of contributory negligence, as a matter of law, and that the trial court erred in refusing to direct a verdict in favor of the defendant.

The testimony of plaintiff shows that he saw the truck with which he collided at least 200 feet ahead of him, and that, although he did not realize what it was until 40 or 50 feet therefrom, he did know during all of the time of his approach thereto that there was an object ahead directly in his path of travel, and that whatever it was he would collide therewith unless he so drove his automobile as to be able to stop or to change his course in time to avoid it.

There was no ''strip of icy pavement'' which he could not discern, no unusual condition or emergency other than that there was a truck on the highway without lights, an emergency against which it would seem that the law of Michigan as to stopping to avoid an object which is seen was invoked.

The judgment of the court of common pleas is reversed, and final judgment entered in favor of the plaintiff in error.

*Judgment reversed.*

RICHARDS, J., concurs.

WILLIAMS, J., dissenting. It is claimed that this

case differs from the case of *Mostov* v. *Unkefer*, 24 Ohio App., 420, 157 N. E., 714, for the reason that the defendant proved the law of the state of Michigan by offering in evidence certain decisions of the Supreme Court of Michigan in which it was held that, where a party in an automobile ran into an unlighted truck or obstruction, he could not recover because he was guilty of contributory negligence as a matter of law. Such decisions, we take it, are only authority in causes based upon the same or similar facts. We cannot conclude that the Supreme Court of Michigan would reach a similar conclusion upon the very different state of facts presented in the instant case.

The plaintiff below, in giving his testimony upon the witness stand, stated that, when he first knew and ascertained that there was an obstruction or truck in the road ahead of him, he was two car lengths from it, or in the neighborhood of 40 feet. It is true that in another part of his testimony he made a statement which conflicts with this one, but it is also true that he made no explanation reconciling the two. The truth as to how far he was from the obstruction or truck when he first saw it would be for the determination of the jury, and this court cannot make a finding thereon as a matter of law. *Painesville Utopia Theatre Co.* v. *Lautermilch*, 118 Ohio St., 167, 160 N. E., 683. The inference also arises from some of plaintiff's evidence that the light of his automobile shone 200 feet ahead of him, but that he did not see the unlighted truck on the highway sooner because it was of the same color as the pavement, and blended into it.

While the reason given by the Supreme Court of

Michigan for holding the injured driver of an automobile guilty of contributory negligence as a matter of law in the cases offered in evidence is that driving a car at such a rate of speed that the driver cannot stop within the range of his lights is negligence *per se,* we cannot see that that rule would bar the plaintiff under the facts in the instant case. The rule to be applied in the instant case is more like the rule applied by the Supreme Court of Michigan in *Diederichs* v. *Duke,* 234 Mich., 136, 207 N. W., 874, wherein the Supreme Court held that the case was one for the jury because there was a slippery condition of the pavement which could not have been reasonably anticipated and of which the driver did not know. In the instant case we have a truck upon the pavement, unknown to the plaintiff driver, under such circumstances that plaintiff did not know the truck was there until he saw it, and could not have anticipated that it would blend into the pavement so as not to be seen until too late. Of course, in this reasoning we give the evidence the interpretation most favorable to plaintiff below. *Pope, Admx.,* v. *Mudge,* 108 Ohio St., 192, 140 N. E., 501; *Pennsylvania Rd. Co.* v. *Rusynik,* 117 Ohio St., 531, 534, 159 N. E., 826, 56 A. L. R., 538.

We think the trial court was right in refusing to direct a verdict. As a majority of the court are of the view that final judgment should be entered, we have not made a careful examination of the other errors assigned.