Briggs, J.
This is an action of tort in which the plaintiff seeks to recover under two counts: Count 1 for property damage to a motor vehicle allegedly caused by a collision with a motor vehicle owned by the defendant and due to its negligent operation, Count 2 for personal injuries of the plaintiff caused in the same fashion as alleged in Count 1.
*188 The answer is a general denial and an allegation of contributory negligence, with other allegations not material to the issues here.
At the close of the trial the defendant duly made the following requests for rulings:
1. That the plaintiff was guilty of contributory negligence and is not entitled to recover.
2. There is no sufficient evidence that the defendant, its agents or servants, were negligent.
The Court found for the plaintiff and denied the defendant’s requests for rulings in writing as follows:
1. Denied as a matter of law.
2. Denied.
The Court specifically found the following facts; namely, that the defendant was negligent in stopping at the place that he did without giving any warning of his intention to stop; that the plaintiff had no reason to anticipate that the defendant would stop at said time and place without giving such warning; and that the collision was not due to her (plaintiff’s) lack of due care.
Findings of fact cannot be reviewed here if there is evidence to support them. Request number 2 raises the question of whether there was sufficient evidence of negligence to warrant the finding. We are bound by the contents of the report. The only evidence there appearing is that at about six o’clock in the evening the plaintiff was driving her car down Commonwealth Avenue in Boston in the rear of the taxicab of the defendant; the traffic was all one way, in the direction of Boston, and heavy, there being three lines of traffic moving abreast — the plaintiff and the defendant being; in the extreme left lane, with a reservation on their left. There was a line of traffic ahead of them, and she was about fifteen or eighteen feet behind the taxi of the defendant, when, a short distance beyond Hereford *189 Street, the taxi came to a stop, and she .crashed into- its rear after it had come to a stop; that no warning that she noticed was given that the defendant’s car was going to stop. She did not know why the taxi came to- a. stop. The report states that there was no- other evidence.
As was aptly said in the case of Conley vs. Town Taxi, Inc., 1937 Ad. Sh. 1145, “Because of the suddenly changing conditions as to traffic which nowadays are apt at any time to confront any operator of a motor vehicle upon a public highway, it. is often impossible to say whether his specific acts or his omissions to act are negligent unless the accompanying circumstances appear. The bare fact that a motor vehicle is involved in an accident occurring on a highway does not ordinarily support a finding that its operator was negligent.”
There is no evidence here that stopping at the particular time or place created an unusual hazard. It does not appear whether the cars were lighted. There is nothing to show that the stop was sudden or unusual, or was not made because of conditions or the movements of vehicular or pedestrian traffic suddenly appearing in the street ahead of the taxi, or that it was not because of traffic lights ahead. Such stopping is not negatived by the record here.
There is no evidence that there was no warning to the plaintiff that the taxi was coming to a stop-. The plaintiff says, and is bound by it, that “no warning that she noticed was given”. It does not appear that she was either looking to observe one, or paying attention to- what was going-on in front of her with reference; to- the defendant’s ear.
There was no evidence that the operator of the defendant’s car did not extend his arm, nor that there was not a red light on the rear of the taxi which flashed a warning upon the application of brakes.
*190 The plaintiff did not sustain the burden of proving the operator’s negligence by merely showing the occurrence of the accident without the attendant circumstances. This is conclusive against the plaintiff. It seems, therefore, unnecessary to deal with the first request although the report discloses no evidence of any acts by the plaintiff in the operation of her car to preserve her safety. Woolner vs. Perry, 265 Mass. 74.
Ruling numbered 2 should have been given by the Court. Its denial was prejudicial error. The entry will be made of
Finding for the Defendant.