Dolan, PJ.
A property damage motor vehicle accident between an automobile and a tow truck resulted in James L McCall (“McCall”), the owner and operator of the automobile, bringing action against Robert Berthelot (“Robert”), operator of the tow truck, and Joseph Berthelot (“Joseph”), owner of the tow truck. Joseph brought a cross action against McCall and McCall filed a third-party complaint against Robert. The cases were consolidated and tried together. The trial court found for McCall on his claim against both Robert and Joseph, found no negligence on the part of McCall, and assessed damages in the amount of $4500. Thecourtfoundfor McCall on Joseph’s claim against him.
At the close of the trial and before final arguments, Robert and Joseph filed requests for rulings of law. They claim to be aggrieved by the trial court’s denial of their requests for rulings of law (1) that there was insufficient evidence to warrant a finding for McCall, and (2) that the evidence required a finding for them.[3] We summarize the reported evidence.
On December 2, 1986 at approximately 9:30 p.m., Robert, in the course of his employment, was operating a tow truck owned by Joseph on the Southeast Expressway. He was travelling southerly, in the far left passing lane, when the tow truck came to an abrupt halt in the passing lane. At the location where the tow truck stopped, the southeast expressway was straight and level, had one passing lane, two travel lanes and one breakdown lane. There were no flares in the truck and there were no lights of an emergency nature operating on the truck. The truck had a two-way radio, but it was exclusively wired to an AAA office. Robert called the AAA office by means of *57 his two-way radio, but was unable to make contact with the AAA office.
Two hours later, McCall approached the location where the tow truck was still stopped. He was operating his vehicle in the passing lane, its lights were on and its speed was steady. When he was within 300 feet of the tow truck, two vehicles were in front of him in the passing lane. After the two vehicles swerved abruptly to the right to avoid the tow truck, McCall noticed the tow truck. Before he could react to completely avoid the tow truck, his vehicle collided with the right side of the tow truck’s rear bumper.
There is evidence to warrant a finding that Robert and Joseph were negligent. The absence of emergency lights at the time of the collision, and the manner in which the truck remained stopped in the road, are sufficient as a matter of law to warrant the finding of their negligence. In the circumstances of this case, the court could have found that the absence of emergency flashers, required under the provisions of G.Lc. 90, §7, was a contributing cause of the collision. The collision with a stopped motor vehicle is a consequence which emergency flashers are intended to prevent Monroe v. Vassalotti, 340 Mass. 764, 766 (1960); Woolner v. Perry, 265 Mass. 74, 77 (1928).
There is also sufficient evidence to deny a request that plaintiffs negligence, being greater than defendants’, bars him from recovery. It is not an absolute rule of law that a plaintiff who operates a motor vehicle that comes into collision with a stationary vehicle in front is guilty of contributory negligence. Each case must be decided on its own facts. The question ofwhether plaintiffwas looking out for himself and exercising reasonable care for his own safety is ordinarily for the fact finder. Woolner, supra at 77. In this case, McCall was properly in the passing lane and his speed was steady. His vision of the road ahead would have been partially blocked by the two vehicles ahead. We find no error in the court’s ruling that McCall was not barred from recovery as a matter of law.
Report dismissed.

 They have also attempted to raise other issues for the first time on appeal. We decline to review those other issues.