958 F.2d 371
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clifton DUKES, Plaintiff-Appellant.
v.
Ronnie Nelson BOLDEN and J.B. Hunt Transport, Inc.,
Defendants-Appellees.
 No. 91-1634.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 This is a diversity action that arises out of a motor vehicle accident in Michigan. The plaintiff, Clifton Dukes, drove his car into the rear end of the defendants' truck. Mr. Dukes contended that the tail lights of the truck were not properly illuminated, but the district court resolved this question against him on a motion for summary judgment. We are asked to decide whether the district court erred in concluding (1) that there was no genuine issue of material fact and (2) that entry of summary judgment would not be premature. Finding no error in either respect, we shall affirm the district court's judgment.
 
 
 2
 * On a March evening in 1989, a truck owned by defendant J.B. Hunt Transport and operated by defendant Ronnie Bolden was momentarily stopped in one of the center lanes of a four lane highway. The truck driver was waiting to make a left-hand turn; before he could do so, plaintiff Dukes drove his Buick into the rear end of the truck. The buick then skidded to the left and collided with an oncoming vehicle driven by one Marjorie Simony.
 
 
 3
 Mr. Dukes filed a complaint asserting that Mr. Bolden was driving "without lighted lamps and illuminating devices as required under the conditions," in violation of Michigan law. In his deposition, however, Mr. Dukes testified with regard to the truck's tail lights that "I don't know if they was on or off."
 
 
 4
 In July of 1990 Mr. dukes asked the defendants to produce all documents relating to the truck, including maintenance records. The defendants resisted this discovery request. In February of 1991 Mr. Dukes again requested the documents. Again the defendants refused. The district court had established an April 1 cut-off date for discovery motions, and although the defendants' refusal came some weeks before this deadline, Mr. Dukes never moved to compel discovery of the records. After the cut-off date, the defendants filed a motion for a protective order; the district court declined to rule on it because it was not timely.
 
 
 5
 The defendants moved for summary judgment on the strength of (1) the testimony given by Mr. Dukes in his deposition, (2) an affidavit in which Mr. Bolden swore that his headlights, tail lights, and turn signal were on, (3) an affidavit in which Ms. Simony swore that Mr. Bolden's truck had "its headlights and turn signals on," and (4) the deposition testimony of one of the police officers dispatched to the scene immediately after the accident. The officer said that he had checked all of Mr. Bolden's lights and they were working properly.
 
 
 6
 The district court concluded from this evidence that there was no genuine issue as to the fact of Mr. Bolden's tail lights having been illuminated and visible at the time of the accident. The motion for summary judgment was granted, and this appeal followed.
 
 II
 
 7
 Mr. Dukes argues on appeal that (1) there was a genuine issue of material fact as to whether Mr. Bolden's tail lights were both on and visible from 500 feet away, as he contends Michigan law requires; and (2) since he had not received the requested documents relating to the truck, the granting of summary judgment was premature. We address these arguments in turn.
 
 
 8
 "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 9
 It is undisputed that Mr. Dukes woud bear the burden of proving at trial that Mr. Bolden's tail lights were not properly illuminated. The only evidence he produced on this issue was his testimony that he did not know whether the lights were on, but that he did not see them in any event. This was not enough to create a triable issue of fact, given the unequivocal testimony of Mr. Bolden, Ms. Simony, and the police officer.
 
 
 10
 Mr. Dukes argues that even if the lights were on, Michigan law requires that they be visible from 500 feet. The defendants argue that the Michigan statute requiring lights visible from 500 feet does not apply in this case. We need not decide this issue, for even if Michigan law did require that Mr. Bolden's lights be visible from 500 feet, Mr. Dukes would bear the burden of proving that the lights failed to meet this requirement. He has not shown that he could sustain such a burden.
 
 
 11
 This case is unlike Diederichs v. Duke, 234 Mich. 136, 207 N.W. 874 (1926), in which the court found that the state standard for summary judgment was not satisfied where the plaintiff's testimony tended to contradict the defendant's testimony as to whether the defendant's tail lights were illuminated. Mr. Dukes might have created a genuine issue of fact by testifying that he saw Mr. Bolden's tail lights before the crash and observed that they were not illuminated, but he gave no such testimony. The testimony as given did not create a genuine issue of fact, and summary judgment was therefore proper.
 
 
 12
 Mr. Dukes contends that entry of summary judgment was premature because he had not yet obtained the documents he requested. A party opposing a motion for summary judgment, however, possesses no absolute right to additional time for discovery; a trial court has considerable discretion in deciding whether to grant additional time. Emmons v. McLaughlin, 874 F.2d 351 (6th Cir.1989).
 
 
 13
 Rule 56(f), Fed.R.Civ.P., provides as follows:
 
 
 14
 "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
 
 
 15
 To obtain more time for discovery, Dukes ought to have submitted an affidavit specifically stating why he was unable to present essential facts to justify his opposition to the summary judgment motion and explaining "how postponement of a ruling on the motion would enable him to rebut Appellees' showing of the absence of a genuine issue of fact." Emmons, 874 F.2d at 357. Mr. Dukes failed to give such an explanation.
 
 
 16
 An affidavit of Dukes' lawyer, Kenneth Clayton, says that he first requested the truck maintenance records at the beginning of July 1990, and the request was denied. The records were requested again more than seven months later, and again the request was denied. No motion to compel discovery was filed prior to the April 1, 1991, cut-off date for such motions. Mr. Clayton's affidavit makes the conclusory assertion "[t]hat said maintenance records are extremely important to Plaintiff's case since the Plaintiff's alleging the truck's lights were not working, or not in proper condition," but the affidavit does not say why there was no timely motion to compel production of the records.
 
 
 17
 "Courts, like the Deity, are most frequestly moved to help those who help themselves ... 'Although a district court should generally apply Rule 56(f) liberally, the court need not employ the rule to spare litigants from their own lacke of diligence.' " Paterson-Leitch v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 989 (1st Cir.1988) (quoting Herbert v. Wicklune, 744 F.2d 218, 222 (1st Cir.1984)). Mr. Dukes had more than seven months before the deadline for discovery motions in which to file a motion to compel production of the documents, and he neglected to do so. We do not think the district court abused its discretion by refusing to extend the time for discovery. Moreover, the Clayton affidavit does not "set out any reasonable basis for [the appellant's] professed belief that discoverable material facts existed which would thwart" the defendants' motionfor summary judgment. Id. at 989. A party who seeks to invoke the protection of Rule 56(f) must carry the burden of showing "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Emmons, 874 F.2d at 356 (quoting Willmar Poultry Co. v. Morton-Norwich Products, Inc., 529 F.2d 289, 297 (8th Cir.1975), cert. denied, 424 U.S. 915 (1976)). Mere speculation is not enough. See Robbins v. Amoco Production Co., 952 F.2d 901 (5th Cir.1992).
 
 
 18
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable William O. Bertelsman, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation