FREDERICK L. WOOLNER *vs.* ROGER N. PERRY.
FREDERICK M. WOOLNER *vs.* SAME.

Worcester. September 24, 1928. — November 26, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Motor vehicle, In use of highway, Contributory.

At the trial together of two actions of tort by a father and a son, respectively, against the driver of a motor truck for damages resulting to them in a collision between the truck and an automobile in which they were riding and which was owned by the son and was being driven by the father, there was evidence that the truck was sixteen feet in length with a platform dump body and was unloaded; that the collision occurred at night on a macadam road; that the defendant a second time had stopped the truck to repair the lights and that neither a rear nor a front light was shining; that the rear of the truck extended eight feet into the roadway; that smoke from forest fires in the vicinity was blowing across the road up to the scene of the accident; that the plaintiffs approached from the rear of the truck at a speed of fifteen to twenty miles per hour, both watching the road but neither seeing the truck until it was about twelve feet from the place where they were seated or eight feet from the front of the car; that then they both saw it and the son said to his father, "Look out,"

and the father put on brakes and swung to the left in an unsuccessful attempt to avoid the accident. *Held*, that

(1) The evidence as to absence of lights at the time of the accident, and the manner in which the truck was stopped in the road, was sufficient to warrant submitting to the jury the question of negligence of the defendant;

(2) While, in ordinary circumstances, a plaintiff, who so operates an automobile that it comes into collision from the rear with a stationary or moving vehicle, would be guilty of contributory negligence, circumstances other than ordinary may warrant a finding that there was no such contributory negligence;

(3) It was proper to submit to the jury the issue of the father's due care in driving the car;

(4) The question, whether the son, the owner of the car, was looking out for himself and exercising reasonable care for his own safety, was also one of fact for the jury.

Two ACTIONS OF TORT, described in the opinion. Writs dated June 3, 1926.

In the Superior Court, the actions were tried together before *Whiting*, J. Material evidence is described in the opinion. The judge denied motions that verdicts be ordered for the defendant. There were verdicts for the plaintiffs respectively in the sums of $1,000 and $3,000. The defendant alleged exceptions.

*C. C. Milton*, (*S. B. Milton* with him,) for the defendant.
*J. J. MacCarthy*, for the plaintiffs.

SANDERSON, J. These two actions of tort, one brought by the father for personal injuries, and medical expenses for his minor son; the other, by the son for personal injuries and damage to his automobile, arose out of a collision between the son's car, driven by the father, and the truck of the defendant.

Upon the evidence the jury were warranted in finding that the accident occurred in the night on a macadam road nineteen feet in width, level and straight for a considerable distance. The defendant testified that a short time prior to the accident he had trouble with his headlights; that he stopped and, finding one out, made some repairs, installed a new bulb and continued on his way; that he again stopped at the place of the accident because both front lights had gone out; that his truck had been at a standstill for eight or ten minutes before the collision. Testimony was intro-

duced tending to prove that the right front portion of the truck was off the travelled surface of the road, the rear extending obliquely over the right half of the macadam for a distance of about eight feet. On the opposite side of the street, about forty feet distant, was a street lamp which upon the evidence could have been found to be of no aid to the plaintiffs in discerning objects in the road. The truck was sixteen feet in length with a platform dump body extending from the cab over the rear axle; its rear light was fastened to a stringer two feet, eight inches from the end of the body, so that in order to see if that light were burning the driver would have to bend down and look under the truck. Upon conflicting evidence the jury could have found that this light was not burning. Testimony was introduced tending to prove that on the night in question smoke from forest fires in the vicinity was blowing across the road up to the scene of the accident.

The plaintiffs approached the place of the accident at a speed of fifteen to twenty miles an hour; both were watching the road but neither saw the truck until it was about twelve feet from the place where they were seated or eight feet from the front of the car. Then they both saw it and the son said to his father "look out." The driver put on his brakes and attempted to swing to the left to avoid the accident, but the automobile collided with the left rear corner of the truck — the front portion, or hood, passing under the body of the truck — so that the point of impact was the right front corner of the coupe. The headlights and brakes of the car were in good condition and the driver testified that, at a speed of fifteen miles an hour, he could stop the car in twenty feet if testing it out. He also stated that he could see objects at varying distances in different localities as he approached the place of collision and, after making estimates as to these distances, said he would not be sure that he could see twenty-five feet ahead at that particular location, but could see the glare of approaching headlights along the road underneath the rear portion of the body of the truck causing a glare of light on the macadam, that he thought he had a clear road ahead because he could see clear beyond the truck.

The defendant excepted to the refusal of the trial judge to grant the defendant's motion for a directed verdict in each case. The evidence as to absence of lights at the time of the accident, and the manner in which the truck was stopped in the road, was sufficient to make a case for the jury on the question of negligence of the defendant. G. L. c. 85, § 15. *Commonwealth* v. *Henry,* 229 Mass. 19, 21. *Hallett* v. *Crowell,* 232 Mass. 344. *Lounsbury* v. *McCormick,* 237 Mass. 328, 336. We need not consider other grounds upon which it is contended that negligence could be found.

The case at bar is, in many respects, similar to *Stone* v. *Mullen,* 257 Mass. 344, but is distinguishable therefrom by the fact that the defendant's truck in this case was practically empty and could be found to have been not plainly visible because of smoke and the glare of lights, while in that case the truck had a load of cotton ten feet high and six feet wide which could, upon the plaintiff's admission, have been seen for one hundred yards. Under ordinary circumstances a plaintiff who so operates an automobile that it comes into collision with a stationary or moving vehicle in front would be guilty of contributory negligence. *Vincent* v. *Norton & Taunton Street Railway,* 180 Mass. 104, 105. This, however, is not an absolute rule of law. Each case must be decided on its own facts and we cannot say, upon the undisputed facts in the case before us, that the only rational inference to be drawn therefrom is that of the driver's contributory negligence. The issue of the driver's due care was properly submitted to the jury. *Hallett* v. *Crowell, supra. Lounsbury* v. *McCormick, supra.*

The question, whether the owner of the car was looking out for himself and exercising reasonable care for his own safety, was also one of fact for the jury.

*Exceptions overruled.*