LOUIS LEBOWITZ *vs.* MARGARET BOVA & others.

HARRY ROTEFSKY *vs.* SAME.

WILLIAM DOANE *vs.* SAME.

BENJAMIN LEBOWITZ *vs.* SAME.

Suffolk.   December 1, 1930. — January 5, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory.

A finding that the defendant was negligent was warranted at the trial of an action of tort for personal injuries, on evidence that the plaintiff, on a dark, clear night, drove his automobile at twenty to twenty-five miles per hour up a hill with a gradual, rather steep slope; that, as the automobile went over the crest of the hill, the plaintiff saw right in front of him on the travelled part of the way a stationary truck owned by the defendant, unattended, without lights and with its freight covered by a dark colored canvas; that the plaintiff immediately tried to stop the automobile, and when not more than ten feet from the truck, turned the automobile to the left; that the right front

door of the automobile collided with the left rear corner of the truck; and that the truck, stopped where it was, would not be shown by the headlights of the automobile until the automobile was near it.

The action above described was tried with actions against the same defendant by passengers in the automobile. *Held,* that the evidence did not require a finding as a matter of law that any of the plaintiffs was guilty of contributory negligence.

FOUR ACTIONS OF TORT. Writ in the first action dated October 5, 1925, and in the other actions October 6, 1925.

The actions were tried together in the Superior Court before *Raymond,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendants in each action that a verdict be ordered in their favor. There were verdicts for the plaintiffs, respectively, in the sums of $500, $3,000, $8,000 and $1,800. The defendants alleged exceptions which, after the death of *Raymond,* J., were allowed by *Broadhurst,* J.

*P. F. Drew,* (*F. B. Turner* with him,) for the defendants.

*H. W. Radovsky,* for the plaintiffs Rotefsky and another.

*W. B. Keenan,* (*J. A. Treanor, Jr.,* with him,) for the plaintiffs Lebowitz.

PIERCE, J. These are four actions of tort for personal injuries and property damage alleged to have been caused to the several plaintiffs by the negligence of the defendants. All the evidence material to the questions raised is contained in the bill of exceptions. At the close of the evidence a motion in writing to direct a verdict for the defendants in each case was presented to the judge and was denied subject to the defendants' exceptions. The cases were submitted to the jury and a verdict was returned for each plaintiff. The cases are before this court on the exceptions which were taken to the refusal to direct verdicts for the defendants.

The facts and inferences of fact in favor of the several plaintiffs, which the evidence warranted and the jury with the least degree of propriety might have inferred, as shown by the bill of exceptions are as follows: At about eleven o'clock in the evening of June 9, 1925, the plaintiff Benjamin Lebowitz was driving his own automobile, in which all

the other plaintiffs were riding, on the Lafayette Highway at Hampton Falls, New Hampshire, in the direction of Portsmouth. The plan of this highway shows a paved roadbed eighteen feet wide at all places material to this case. The night was clear but dark, with no moon and no lights on the highway. The automobile, travelling at the rate of twenty to twenty-five miles an hour on the right side of the highway, ascended a hill with a gradual, rather steep, grade which ran back from the peak of the hill about one half mile in the direction of Newburyport. A motor vehicle coming from the opposite direction passed the plaintiffs' automobile just as it went over the brow of the hill.

The plan shows that the highway from the peak of the grade looking in the direction of Portsmouth starts down and that the grade drops gradually until opposite the depot road where it makes a decided drop. As the machine in which the plaintiffs were riding went over the top of the hill it seemed to the plaintiffs as if a dark object had been dropped right in front of it. The object in fact was a truck and was wholly on the portion of the road used for travel. It was unattended, without lights, and the freight on it was covered with a dark canvas of almost the same color as the roadway. As the automobile went over the top of the hill it was running perfectly at the rate of twenty miles an hour and could have been stopped within a distance of ten or fifteen feet. The headlights on relatively level roadway would show an object in the street three hundred feet away, and on such a way probably a dark colored object at night could be seen up to one hundred feet, but if the object was over a hill with grade such as was here shown, it would not be shown by the headlights until the automobile was near to it. Lebowitz as soon as he saw the truck tried to stop his automobile; he put on the brakes as hard as he could and swung to his left. He started to turn to the left when he was not more than ten feet from the truck. The front part of the automobile and the right mudguard went safely by the left corner of the truck. The front door

crashed into the left rear corner of the truck so that the corner of the truck was embedded in the automobile, which was " smashed " all to pieces, one passenger was killed and all the others were physically injured.

The defendants admit that the driver of the truck was their agent and acting in the scope and course of his employment at the time of the collision. The testimony of witnesses for both the plaintiffs and the defendants was somewhat in conflict as to the place where the truck was when it was hit by the plaintiffs' automobile in reference to the top of the hill, to connecting streets, and to objects on adjacent land.

On the issue of the defendants' negligence, regardless of the question whether on account of the hill the plaintiffs could or could not see the truck in time to avoid it, it is clear the judge could not have ruled that it was not negligence to leave the truck on a dark night without lights, unattended, within the travelled part of a public highway. The exact place of the collision is immaterial except upon the question whether on the evidence, as matter of law, the several plaintiffs were negligent in not seeing the truck in season to avoid colliding with it. We think the case in distinguishable from *Stone* v. *Mullen,* 257 Mass. 344, relied on by the defendants, in that in the case at bar the jury warrantably could have found on the evidence that the truck was not visible to the plaintiffs until the automobile had reached the top of the hill, and that then the distance between the automobile and the truck was such that the automobile could not be stopped or turned aside in season to avoid the collision in the way it occurred.

*Exceptions overruled.*