LILLIAN TEVYAW *vs.* HEMINGWAY BROTHERS INTERSTATE TRUCKING COMPANY.

RAYMOND HIBBARD *vs.* SAME.

BLANCHE BURLINGAME *vs.* SAME.

BYRON H. TEVYAW *vs.* SAME.

Barnstable.   October 3, 1933. — November 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence,* Motor vehicle, Contributory, In use of way, Violation of statute. *Proximate Cause.*

Where an automobile at night collided with the rear end of a large truck which, without a rear light, was being towed slowly near the middle of the road in the same direction in which the automobile was going, there was no merit in a contention that the sole cause of the collision was the conduct of the operator of the automobile in deflecting his headlights downward, shortly before the collision, to avoid annoyance to traffic approaching from the opposite direction, so that he was unable to see the truck until he was forty-five or seventy-five feet from it; violation of G. L. (Ter. Ed.) c. 90, § 7, by one who was owner and operator of the truck and the towing vehicle properly could have been found to be negligence which was a contributory cause of the collision.

In an action against such owner and operator by one riding as a guest in the automobile for personal injuries sustained in the collision, it could not properly have been ruled as a matter of law that the plaintiff, who was paying as much attention as passengers in automobiles ordinarily do, was guilty of contributory negligence; and a verdict for the plaintiff was warranted even though negligence of the operator of the automobile was a contributory cause of the collision.

FOUR ACTIONS OF TORT. Writs dated June 17, 1931.

The actions were tried together in the Superior Court before *Walsh,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant in each action that a verdict be ordered in its favor. There were verdicts for the plaintiffs in the sums, respectively, of $100, $4,500, $3,500 and $150. The defendant alleged an exception in each action.

*A. Sherman,* for the defendant.

*C. C. Steadman,* for the plaintiffs.

LUMMUS, J. The plaintiffs, on the evening of April 8, 1931, somewhat later than half past seven o'clock, were guests in an automobile operated by one Baker at a speed of thirty or thirty-five miles an hour in a district without street lights, and were injured when that automobile ran into the rear end of a truck which was being towed by another. Both trucks were owned and operated by the defendant. The rear truck was large, dark in color, with a wide platform body extending beyond the axles, and with no top except a cab at the front end for the driver.

There was evidence that the trucks were travelling near the middle of the road at a speed of eight miles an hour, and that the rear truck carried no rear light. The defendant does not argue that this was not a violation of G. L. c. 90, § 7, as amended. A violation of that statute is evidence of negligence. *Woolner* v. *Perry,* 265 Mass. 74, 77, and cases cited. *Lebowitz* v. *Bova,* 274 Mass. 23. The defendant does argue that the conduct of Baker in deflecting his lights downward, shortly before the collision, to avoid annoyance to traffic coming in the opposite direction, and his consequent inability to see the truck until he was as near as forty-five or seventy-five feet, must be deemed the sole cause of the collision. We cannot agree with this contention. The negligence of the defendant could have been found a contributing cause, and that is enough to support the verdicts, even though negligence on the part of Baker also contributed. Nothing in the conduct of these plaintiffs, who were apparently paying as much attention as

passengers are wont to do, can be said to amount to contributory negligence as matter of law. *Daugherty* v. *Pompeo Transporting Corp.* 62 Fed. Rep. (2d) 349.

*Exceptions overruled.*