NORMAN RENAUD *vs.* NEW ENGLAND TRANSPORTATION COMPANY.

EDWARD LANOUETTE *vs.* SAME.

ARTHUR RENAUD *vs.* SAME.

ARCHER LANOUETTE *vs.* SAME.

Bristol.  February 8, 1934. — March 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Negligence*, Motor vehicle, Contributory, In use of way, Imputed, Violation of statute, Proximate cause. *Practice, Civil*, Requests, rulings and instructions.

At the trial of actions against the owner of a motor truck for injuries resulting from a collision at night between the truck and an automobile which approached it from the rear, a finding that the defendant was negligent was warranted by evidence that, the engine of the truck having stopped because of trouble in one of its parts, the defendant drew over to the right side of the road and stopped the truck in such

a position that it was within the travelled portion of the way for about six feet; that the rear light of the truck was not lighted; and that no other means of warning travellers of its presence were adopted by the defendant.

The actions against the owner of the truck above mentioned were for personal injuries sustained in the collision by the operator of the automobile and by one riding therein as his guest, for consequential expenses incurred by the fathers of the two injured persons and for damage to the automobile, which was owned by the father of the operator. The injured plaintiffs testified that, as the automobile was travelling at the rate of about thirty-five miles an hour along a portion of the highway which was level and straight for some distance, it entered a fog bank, whereupon the plaintiff operator reduced speed to thirty miles an hour; and that the automobile at that speed went through the fog for fifty feet and collided with the truck upon emerging therefrom. The plaintiff guest further testified that he was looking straight ahead before and at the time of the collision; that he saw the truck just before the collision and shouted; and that he depended upon the operator of the automobile to look out for the safety of it and its occupants. *Held,* that

(1) The testimony by the plaintiff guest that he depended upon the operator of the automobile to look out for the safety of it and its occupants must be considered with all his other testimony on the question, whether he had surrendered entire care of himself to the operator; and on all the testimony it could not properly have been ruled that he had done so;

(2) As to each of the injured plaintiffs, the question, whether he was guilty of contributory negligence, was for the jury on the evidence;

(3) It was proper to refuse to rule, as requested by the defendant, "It is negligence in law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it," such request being based on only a fragment of the evidence and, furthermore, there being no evidence as to the distance within which the plaintiff operator could bring the automobile to a stop;

(4) A verdict for the plaintiff was warranted in each action.

FOUR ACTIONS OF TORT. Writs in the first two actions dated January 6, 1931, in the third action January 12, 1931, and in the fourth action January 22, 1931.

The actions were tried together in the Superior Court before *Walsh,* J. Material evidence is stated in the opinion. There were verdicts for the plaintiffs in the sums, respectively, of $2,500, $8,000, $950, and $500. The defendant alleged exceptions.

*E. J. Phillips,* for the defendant.

*H. E. Clarkin,* for the plaintiffs.

CROSBY, J. These are four actions of tort to recover for personal injuries sustained by the plaintiffs Edward Lanouette and Norman Renaud; for medical expenses by the father of Edward Lanouette in the action by Archer Lanouette; and for medical expenses, and damage to the plaintiff's automobile, in the action by Arthur Renaud.

The actions resulted from a collision between an automobile owned by the plaintiff Arthur Renaud and operated by his minor son, and an automobile truck of the defendant, on a highway in the town of Westport, in this Commonwealth, at about 11:15 (daylight saving time) on the night of August 26, 1930. The jury viewed the scene of the accident. It appears from the record that on the night in question an automobile truck of the defendant while on the main highway from Fall River to New Bedford developed magneto trouble which stopped the motor. The driver pulled the truck to the right of the highway so that the right wheels were on the dirt shoulder, and the left wheels were on the cement highway. An automobile, driven by the plaintiff Norman Renaud, proceeding from Fall River to Lincoln Park, which was beyond the point where the truck was stopped, collided with the left rear corner of the truck. The plaintiff Edward Lanouette was a guest of the plaintiff Norman Renaud at the time of the accident. The highway at the place in question had two lanes for traffic in each direction, separated in the center by a reservation of a street railway company, used in the operation of electric trolley cars between the two cities. A line divides the two lanes on each side of the reservation, which was of a rough gravel construction and was higher than the travelled lanes. The highway is straight and nearly level for a distance of at least half a mile in each direction from the place where the accident occurred. At the close of the evidence the defendant moved for a directed verdict in each action, which was denied subject to the defendant's exception. The defendant also excepted to the refusal of the trial judge to give the following instruction: "8. It is negligence in law to drive an automobile along a public highway in the dark at such speed that it cannot

be stopped within the distance that objects can be seen ahead of it."

There was evidence from which it could have been found that the truck was standing on the right side of the highway about six feet within the travelled portion of the way; that it was not lighted or guarded at the time of the collision; that the accident occurred about a quarter past eleven at night. There was testimony of witnesses that the truck was in the same position and unlighted when they passed it between half past ten and ten minutes of eleven that night. The defendant's foreman testified that before the truck left Fall River that night he checked the lights and found that the tail light would not light, but that when the truck left the garage this light was in good condition. It could be found from the evidence that at the time of the collision there was no rear light which showed a red light behind as required by G. L. (Ter. Ed.) c. 90, § 7. If as the jury could have found the truck was standing upon the right side of the travelled road and was without a rear red light, or other means adopted to warn travellers of its presence in violation of the statute, a finding of negligence on the part of the defendant was warranted. *Woolner* v. *Perry*, 265 Mass. 74. *Lebowitz* v. *Bova*, 274 Mass. 23. *Tevyaw* v. *Hemingway Brothers Interstate Trucking Co.* 284 Mass. 441.

Edward Lanouette testified that he was nineteen years of age at the time of the accident; that before, and when the collision occurred, he was looking straight ahead; that he saw a fog belt; that just before the collision the automobile went into the fog and as it came out of it collided with the truck; that there was no red light on the back of the truck; that the automobile was travelling along at a speed of about thirty-five miles an hour and when it came into the "fog clouds" Renaud slowed it down to thirty miles an hour and it came out of the fog at about the same speed; that at that time he saw the truck about forty feet ahead of him and he hollered; that Renaud swung the automobile to his left and also hollered; that there were no other automobiles between them and the truck on the same side of the road, and none

passed them.   The action brought in behalf of Edward Lanouette presents the questions of negligence of the defendant, contributory negligence of the plaintiff, and whether he surrendered all care on his part to Norman Renaud, the operator of the automobile.   Upon the foregoing, and other testimony which need not be recited in its entirety, it could not be ruled that he was not entitled to recover because guilty of contributory negligence or on the ground that he submitted himself entirely to the driver of the automobile. Those questions were properly submitted to the jury.   *Griffin v. Hustis*, 234 Mass. 95.   *Lambert v. Eastern Massachusetts Street Railway*, 240 Mass. 495, 499, 500.   *Slowik v. Union Street Railway*, 282 Mass. 249, 253, 254.

The answer, in substance, of the plaintiff Edward Lanouette to a question put to him, that he depended upon the driver of the automobile to look out for the safety of the car and its occupants, did not entitle the defendant to a directed verdict against him.   The answer was to be considered by the jury in connection with his entire testimony.   It also follows that a verdict could not properly have been directed for the defendant in the action brought by Archer Lanouette for consequential damages.

The action brought in behalf of Norman Renaud presented the questions of negligence of the defendant, and whether at the time of the accident the plaintiff was operating the automobile in violation of law.   The issues raised were properly submitted to the jury with instructions which were adequate, apt and correct.   The cases are governed in principle by the decision in *Woolner v. Perry*, 265 Mass. 74, and cases cited at page 77.

The declaration in the action brought by Arthur Renaud contains two counts: the first in substance alleges that the defendant by its servants and agents so negligently and unskilfully operated and guarded a motor vehicle on a public highway that the automobile owned by the plaintiff and driven by his minor son was broken and damaged, and the plaintiff was put to the expense of repairing it and was deprived of its use for a long time.   The second count alleges in substance that the plaintiff's minor son while operating

the plaintiff's automobile in the exercise of due care was severely injured by reason of negligence on the part of the defendant in operating and failing to guard a motor vehicle on a public way whereby the plaintiff was put to expense for medical care and nursing required by his minor son. It is plain that the defendant's motion for a directed verdict filed in this action could not properly have been granted. If, as the jury could have found, the defendant's driver stopped the truck at the side of the road on the night in question without any red light burning on the rear end, and without in any other way giving warning of its presence there, they would be warranted in finding that the defendant was negligent.

The testimony of the plaintiffs Edward Lanouette and Norman Renaud that they were travelling at a speed of about thirty-five miles an hour and that when they came to the fog bank, they slowed down and went through it a distance of fifty feet at the reduced speed and collided with the truck did not require a ruling that they were guilty of contributory negligence. Although circumstances might exist where thirty-five miles an hour would constitute contributory negligence as matter of law, it could not be so ruled upon the facts here shown. See *Wall* v. *King*, 280 Mass. 577, 581. The question whether the speed at which he was driving was negligent presented a question of fact for the jury. "Violation of a statute by a plaintiff affects his right to recover for the negligence of another only if it contributes to cause his injury. *Bourne* v. *Whitman*, 209 Mass. 155, 168. . . . A violation of a statute or ordinance is 'not an effective and contributing cause of the injury unless in accordance with the usual experience of mankind the result of that violation of law ought to have been foreseen and apprehended. One is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what, as is sometimes said, is only remotely and slightly probable.' *Falk* v. *Finkelman*, 268 Mass. 524, 527." *Wall* v. *King*, 280 Mass. 577, 580–581.

The defendant excepted to the refusal of the judge to

give the defendant's eighth request that "It is negligence in law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it." No error of law appears in the refusal to give this request. It does not contain all the elements which appeared in the cases at bar. In addition to the darkness of the night there was evidence that the vision of the driver of the automobile was obscured by a thick fog and that immediately thereafter the collision occurred. Besides, there was no evidence as to the distance within which the driver could bring his car to a stop. He testified that he did not know the distance in feet within which he could do so. The evidence did not require the giving of this request. *Lounsbury* v. *McCormick*, 237 Mass. 328. It was a question of fact whether under all the circumstances he exercised the care of an ordinarily prudent person, and the jury were in substance so instructed.

As no error of law appears in the conduct of the trial, the entry in each case must be

*Exceptions overruled.*