Louis H. Langill *vs.* First National Stores Inc.

Middlesex.    November 3, 1937. — December 1, 1937.

Present: Field, Lummus, Qua, & Dolan, JJ.

*Negligence*, Contributory, Motor vehicle, In use of way.

Evidence that an automobile, proceeding in a thick fog at a speed moderate but such that the automobile could not be stopped within the distance the driver could see unlighted objects ahead, collided with the rear of a large motor truck with no tail light showing, parked diagonally across the greater part of the way, did not require a ruling that the driver was guilty of contributory negligence.

Tort. Writ in the Superior Court dated August 24, 1934.

The action was tried before *Dowd*, J. There was a verdict for the plaintiff in the sum of $715. The defendant alleged exceptions.

*J. J. Mulcahy*, for the defendant.

*M. Michelson*, (*B. I. Goldberg* with him,) for the plaintiff.

Dolan, J. This is an action of tort to recover for personal injuries sustained by the plaintiff as a result of the collision of his automobile with a motor truck owned by the defendant and at the time of the accident in the control of its servants and agents. The case was tried to a jury and at the close of the evidence the defendant moved for a directed verdict. The motion was denied and the defendant excepted. The jury returned a verdict for the plaintiff.

The only question raised by the defendant's bill of exceptions is whether the trial judge erred in denying its motion for a directed verdict. The defendant does not contend that the jury could not have found properly that it was negligent.

The evidence in its aspect most favorable to the plaintiff tended to show the following facts: The plaintiff, a milk route salesman, while on his way to work on August 13, 1934, was driving his automobile about 3:40 A.M. on Pleasant Street, Malden, Massachusetts. It was raining and foggy. He was driving at a speed of about fourteen to sixteen miles an hour. The headlights of his vehicle, which were in good order, were lighted, and his windshield wiper was working. He could see about fifteen feet ahead of him. Under normal conditions the headlights would shine at least one hundred feet ahead. The street lights in the vicinity of the accident were located about one hundred feet apart. At the rate of speed at which the plaintiff was driving and under the weather conditions before noted, he could stop his vehicle in a distance of from twenty to thirty feet. While thus proceeding he ran into the rear end of the defendant's truck, which he did not see until it was about fifteen feet ahead of him. The truck was attached by a tow rope to another truck of the defendant. The trucks were not in motion, and stood diagonally across the street so that the left front corner of the forward truck was about six feet from the left hand curbstone, and the right rear of the truck with which the plaintiff's automobile collided was about fifteen feet from the right hand curbstone. The latter truck was a large covered red vehicle, but at the time of the accident the rear doors were open and a canvas hung from the roof but not below the tailboard, which was down in such a position that, although the tail light was on, it was concealed and hence no light was displayed so as to be visible from the rear as required by statute. G. L. (Ter. Ed.) c. 85, § 15; c. 90, § 7; St. 1933, c. 51. See *Jacobs* v. *Moniz*, 288 Mass. 102, and cases cited. The radiator of the plaintiff's vehicle, just above the headlights, struck the tailboard of the truck, went farther on and rebounded so

that after the collision it was about a foot away from the truck.

The defendant has argued that the evidence required a finding that the plaintiff did not see the truck until he ran into it. Although the testimony of the plaintiff with respect to when he first observed the truck was somewhat confused, and in conflict, to some extent, with testimony given by him at a previous trial relating to the same accident, we think the jury could have found that he first saw the truck when it was fifteen feet ahead of him. "It was for the jury to settle the fact." *Larson* v. *Boston Elevated Railway*, 212 Mass. 262, 267, and cases cited.

The defendant further contends that, since the plaintiff was driving at a rate of speed which would not permit of his stopping his vehicle within the range of his vision, he was guilty of contributory negligence. We are of opinion that this contention cannot be sustained. An exception to the refusal of the trial judge to instruct the jury to that effect was overruled by the court in *Renaud* v. *New England Transportation Co.* 286 Mass. 39, for the reason that the requested instruction did not contain all the elements which appeared in the case. In that case there was evidence which would have warranted the jury in finding that the plaintiff drove an automobile through a fog bank for a distance of fifty feet, emerging at a speed of thirty miles an hour, and ran into a parked unlighted motor truck which he first observed at a distance of forty feet ahead of him. In *Jacobs* v. *Moniz*, 288 Mass. 102, it was held that the jury would have been warranted in finding that the plaintiff was driving at a speed of twenty-five miles an hour and first saw the defendant's unlighted motor vehicle when distant thirty feet, and the court, in sustaining exceptions to a directed verdict for the defendant, said (page 106): "While the plaintiff could not wholly ignore the chance that there might be ahead of him on the highway a motor vehicle not lighted as the statutes required, we think that it could hardly be ruled as matter of law that in the operation of his automobile he might not rely to some extent at least on such a vehicle bearing a rear red

light in compliance with the law and thus giving him warning of its presence. . . . 'One is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what, as is sometimes said, is only remotely and slightly probable.' *Falk* v. *Finkelman*, 268 Mass. 524, 527. *Renaud* v. *New England Transportation Co.* 286 Mass. 39." We think that it cannot be ruled as matter of law that where there is on the highway a motor vehicle, the light on which is not so displayed as to be visible from the rear, a careful driver of a motor vehicle is bound in all circumstances to see it in time to avoid it, and must therefore be guilty of negligence if he runs into it.

In the instant case the speed at which it could be found the plaintiff was operating his automobile at the time of the accident was not negligent in itself. Whether it was negligent in the light of all the other facts that the jury could have found presented a question of fact for their determination. The cases of *Stone* v. *Mullen*, 257 Mass. 344, and *Ouillette* v. *Sheerin*, 297 Mass. 536, relied on by the defendant, are distinguishable on the facts from the case at bar.

*Exceptions overruled.*