JAMES PRICE *vs.* LUDWIG T. PEARSON.

MARGARET PRICE *vs.* SAME.

EDWARD REGAN *vs.* SAME.

JULIA PRICE *vs.* SAME.

Middlesex.    May 2, 1938. — October 5, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence*, Motor vehicle, In use of way, Violation of law, Contributory.
    *Proximate Cause. Motor Vehicle*, Equipment, Operation.

Evidence of circumstances in which the operator of a motor truck parked it
    at night on a public way with its tail light unlighted in violation of
    statutes warranted a finding of negligence on his part causing a collision
    with an automobile.

In an action by an automobile operator for injuries resulting from a colli-
    sion at night with the rear of an unlighted vehicle, the plaintiff was
    not as matter of law barred from recovery by the facts that his oper-
    ator's license had expired and that his automobile's headlights did
    not show the distance ahead required by a rule of the registrar of motor
    vehicles, if the evidence did not require a finding that such violations
    of law contributed to cause the collision.

Where the evidence warranted a finding that negligence of the operator
    of a motor truck in parking it on a public way at night with an un-
    lighted tail light was the proximate cause of an automobile colliding with
    it from the rear, it was immaterial that the evidence would not warrant a
    finding that the emission of a cloud of smoke from the exhaust of the
    truck as the collision was imminent was due to its operator's negligence.

Evidence did not require a ruling that the operator of and passengers in
    an automobile which collided with the rear of an unlighted truck at
    night were guilty of contributory negligence.

FOUR ACTIONS OF TORT.    Writs in. the District Court of
Lowell dated July 17, 1936.

Upon removal to the Superior Court, the actions were
tried before *Greenhalge*, J.    There were verdicts for the plain-
tiffs in the sums of $4,000, $500, $25, and $100, respectively.

*M. A. Darling*, for the defendant.

*J. P. Cassidy*, for the plaintiffs.

DOLAN, J.    These are four actions of tort, three of which
are brought to recover compensation for personal injuries

sustained as a result of a collision of motor vehicles. The fourth action is brought to recover compensation for damage to the automobile owned by the plaintiff Julia Price. The cases were tried together to a jury, which returned a verdict for the plaintiff in each case. The judge, with the assent of the jury, reserved leave to enter a verdict for the defendant in each case, and, upon the motions of the defendant for the entry of such verdicts, it was agreed that the cases be reported to this court upon the reported evidence, judgment to be entered for the plaintiff in each case if rightly submitted to the jury, in the amount of the verdict rendered; otherwise judgment to be entered for the defendant.

The evidence in its aspect most favorable to the plaintiffs would warrant the jury in finding the following facts: On February 3, 1936, at about 5:45 P.M., the plaintiffs James Price, Margaret Price and Edward Regan were returning from their work, in Boston, in an automobile operated by the plaintiff Margaret Price and owned by the plaintiff Julia Price. James Price, who was the father of Margaret Price, was seated on the front seat of the automobile with her, and Regan was seated in the rear seat. They were proceeding on Cambridge Road in Woburn in a northerly direction "up a hill and around a curve or curves," at a speed of twenty to twenty-five miles an hour. After rounding the curve "of the hill" the automobile proceeded straightaway on the right hand side of the road. The operator had a view of the road in front of her, and observed no lights of any kind. James Price was looking ahead and saw no lights in the roadway. "It was absolutely dark." Suddenly a cloud of smoke arose directly in front of the automobile. When the operator saw the smoke, she veered to the left and stopped "as fast as . . . [she] could," "but not soon enough to avoid hitting" the rear end of the defendant's truck, which was parked three fourths on the macadam way and one or two feet from a snow bank on the right hand side of the road. After the collision smoke was still coming out of the exhaust of the defendant's truck and extended from the rear of the truck

for less than a car's length. The "entire" automobile "could not have passed through the smoke." There were no lights around the scene of the accident "which lit up the area." Although the evidence was conflicting whether the tail light on the truck was lighted, there was evidence that it was a combination tail and stop light, and that the defendant knew that the stop light was out of order. The jury could have found that the tail light was not lighted but was hanging down by two strands of wire out of place; that the automobile in which three of the plaintiffs were riding was just touching the rear of the truck while the tail light was three feet in from the rear of the truck; and that the tail light and the reflector on the truck were covered with mud.

The defendant's vehicle was a ton and a half oil truck, and he admitted that when the tail light was in its proper position it was affixed just above the number plate, which was not damaged in the accident. He "couldn't say" when he had "looked at . . . [the] tail light" prior to the accident, but testified that "in places where he delivered oil, it was necessary for him to go through driveways which had snow piles on either side three or four feet high; [and] that some times in backing and turning his truck, it might be necessary for him to back the overhang of the truck over the snow piles in order to make a proper turn . . . ." The jury could have inferred that the tail light had been damaged in that way; that at the time of the collision it was in a defective condition and was unlighted; and that the defendant was guilty of negligence in parking his truck upon a public way after dark without a rear light in operation. See G. L. (Ter. Ed.) c. 90, § 7 (as amended by St. 1933, c. 51), § 20; see also c. 85, § 15. *Renaud* v. *New England Transportation Co.* 286 Mass. 39, 42. *Jacobs* v. *Moniz,* 288 Mass. 102. *Baggs* v. *Hirschfield,* 293 Mass. 1. *Langill* v. *First National Stores Inc.* 298 Mass. 559.

The plaintiff operator had driven automobiles for twelve years prior to the accident, but also prior thereto her license to operate motor vehicles had expired. "Negligence consisting in whole or in part of violation of law, like other

negligence, is without legal consequence unless it is a contributing cause of the injury." *Baggs* v. *Hirschfield*, 293 Mass. 1; 3. See also *Jones* v. *New York, New Haven & Hartford Railroad*, 275 Mass. 139, 143. We think that the jury was not required to find that her failure to have an operator's license at the time of the collision constituted negligence which was a contributing cause of the accident. See *Bourne* v. *Whitman*, 209 Mass. 155, 163–164.

While the plaintiff operator testified that the headlights of the automobile showed only two car-lengths ahead, and the plaintiff James Price that they showed about one hundred feet ahead, the record does not disclose that a rule or regulation of the registrar of motor vehicles, which the defendant contends was promulgated under the authority of G. L. (Ter. Ed.) c. 90, § 31, and requires that a motor vehicle shall be equipped with headlights to show ahead for a distance of one hundred sixty feet, was put in evidence. If it be assumed that such a rule was introduced, and that it was valid (but see *Commonwealth* v. *McFarlane*, 257 Mass. 530), although its violation would be evidence of negligence, the plaintiff operator would not as matter of law be precluded from recovery, as the jury might have found that, in all the circumstances of the case, the violation of the rule played no causal part in producing the collision. See *Kzcowski* v. *Johnowicz*, 287 Mass. 441, 444; *Jacobs* v. *Moniz*, 288 Mass. 102, 105–106.

The defendant has contended that, even if the jury could have found that the smoke came from the defendant's truck, he was not negligent unless he should have reasonably anticipated this occurrence and failed to take measures to prevent it. See *Falk* v. *Finkelman*, 268 Mass. 524, 527. While there was no evidence to show that the defendant had reason to anticipate the smoking of his truck, we think that the jury could have found that when the smoke appeared the collision was already imminent and that the proximate cause of the accident was the failure of the defendant to have a light so displayed as to be visible to the rear of the truck as the statutes required.

The evidence did not require a finding that the occupants

of the automobile were guilty of contributory negligence. The jury could have found that the speed at which the automobile was operated was not greater than was proper in view of such conditions on the highway as the operator should have reasonably anticipated, that the operator had a clear view, and that she and the plaintiffs James Price and Regan were looking ahead and none of them saw any lights. While the plaintiff operator and her passengers could not wholly ignore the chance that there might be ahead of them on the highway a motor vehicle not lighted as the statutes required, we think it could hardly be ruled as matter of law that they might not rely to some extent at least "on such a vehicle bearing a rear red light in compliance with the law and thus giving . . . [them] warning of its presence." *Jacobs* v. *Moniz*, 288 Mass. 102, 106.

The plaintiff owner of the automobile was not present at the time of the accident, and there was no evidence of contributory negligence on her part. See *Nash* v. *Lang*, 268 Mass. 407, 412–415, and cases cited.

We are of opinion that the cases were properly submitted to the jury. In accordance with the terms of the report judgment is to be entered for the plaintiff in each case upon the verdict therein rendered by the jury.

*So ordered.*