Morris G. Cutler *vs.* Sigfrid V. Johansson.

Worcester.    March 6, 1940. — July 5, 1940.

Present: Field, C.J., Donahue, Lummus, Qua, & Dolan, JJ.

*Negligence,* Motor vehicle, Contributory.

Subsidiary facts found by an auditor warranted a conclusion of negligence of an operator who on a very dark, stormy night left a motor truck parked for two hours unattended and unlighted with its rear extending onto an unlighted country highway while he sought assistance to repair it, and did not require a conclusion that the operator of another truck which collided with the rear of the parked truck was guilty of contributory negligence.

Tort. Writ in the District Court of Leominster dated August 4, 1937.

On removal to the Superior Court, the action was heard

by *Goldberg*, J., who found for the plaintiff in the sum of $1,426.35.

*S. B. Milton*, for the defendant.

*I. A. Solomon*, for the plaintiff.

DONAHUE, J. This action was brought to recover damages resulting to the plaintiff from a collision of motor vehicles. The case was heard by an auditor who found for the plaintiff and later by a judge of the Superior Court sitting without a jury. The only evidence before the judge was the auditor's report. The judge found for the plaintiff. The case comes before this court on the defendant's exceptions to the denial of his motion for judgment in his favor and to the finding for the plaintiff.

On the afternoon of November 25, 1936, an employee of the defendant was driving the defendant's automobile truck with a load of coal from Boston to Leominster. At about 5:30 o'clock, as the employee was proceeding between Ayer and Shirley on the right hand side of a State macadam highway, "the motor of the truck suddenly went dead and all the truck lights went out." It later appeared that this was due to the breaking of a "cable" leading from the battery. This happening took place where there was a slight down grade in the highway and the employee gradually brought the truck to a stop, with its front end mostly off the macadam and its rear end extending five or six feet out on the macadam. There was at this spot a fairly level open area, eight to ten feet wide, at the side of the highway and at about the same level. The driver was unable to repair the truck. He obtained a ride on a passing vehicle and proceeded to Leominster, which was about eight miles distant, to procure assistance at the defendant's garage. In about two hours he returned with a mechanic who repaired the truck. The auditor found: "As to the negligence of defendant's employee in leaving the truck in the manner . . . described, under the unusual circumstances of the weather, the lack of any warning with the exception of . . . [a] reflector and the possibility of steering his truck farther off the highway . . . or [of it] being pushed there by the passing" vehicle "hailed by the defendant's

driver shortly after the accident, . . . there was negligence on the part of the defendant's driver in leaving his truck in that position for such a length of time."

About fifteen minutes before the defendant's employee returned the plaintiff, driving a closed panel grocery truck, came along the same highway also going in the direction of Leominster. The right front fender of the plaintiff's truck came into contact with the left rear side of the defendant's truck. The front axle, frame, steering gear and right door of the plaintiff's truck were bent and the windshield shattered but not broken out. The plaintiff was injured.

The weather was very bad for driving. It was raining and sleeting with a mixture of fine snow and rain which had been falling for about two hours prior to the collision. The temperature was such as to cause freezing on windshields and a light icy glaze on road surfaces. Visibility was very poor and automobile drivers could not see more than a car length or two ahead even with automobile lights on. The place of the collision was in open country. It was very dark and there were no artificial lights near the highway.

There were no lights on the defendant's truck. There was a reflector about three inches in diameter at the left rear of the truck, in a position to be seen under ordinary conditions for a considerable distance, but due to unusual weather conditions its "reflectability" was much less and did not exceed a distance of twenty-five or thirty feet.

A windshield wiper and a "defroster" on the plaintiff's automobile were in operation and his headlights were in good operating condition at the time of the accident. There were no chains on the truck wheels. The plaintiff was familiar with the road and shortly before the collision he was driving at the rate of speed of fifteen to twenty miles an hour, because of poor visibility and the slippery condition of the road, and he could see ahead through the windshield a distance of fifteen to twenty-five feet. There was no other traffic in the vicinity immediately before the collision. Under the prevailing weather and road conditions the plaintiff could not have stopped his truck within the range of his vision just prior to the collision. He did not

see the defendant's truck before the impact of the vehicles. The auditor's conclusion as to the issue of contributory negligence of the plaintiff was: "having in mind the unusual weather conditions and considering the open country where the accident took place and the unlikelihood of such an obstruction being on the highway, I do not find that the plaintiff was negligent in not observing the defendant's parked truck."

The judge made a general finding for the plaintiff which was in accord with the finding of the auditor. The auditor's finding was based on subsidiary facts found and reported by him. The defendant could here prevail only if the subsidiary facts reported by the auditor as matter of law required a finding for the defendant. *Hebert* v. *Hicks*, 299 Mass. 538, 539, 542. The reported facts do not, as matter of law, require such a finding.

As to the issue of negligence of the defendant's employee, the fact that he left the truck partially on the highway with no rear red light displayed was a violation of a penal statute, G. L. (Ter. Ed.) c. 90, § 7, and therefore was evidence of the negligence of the defendant's employee. *Woolner* v. *Perry*, 265 Mass. 74, 77. *Renaud* v. *New England Transportation Co.* 286 Mass. 39, 42. *Jacobs* v. *Moniz*, 288 Mass. 102, 104. *Leveillee* v. *Wright*, 300 Mass. 382, 387. The violation of such a penal statute "is evidence of negligence, as to all consequences that the statute was intended to prevent, without condition or qualification." *Baggs* v. *Hirschfield*, 293 Mass. 1, 2, 4. This negligence of the defendant's employee could have been found to be a proximate cause of the collision. See *Leveillee* v. *Wright*, 300 Mass. 382. It is unnecessary to consider whether there were other subsidiary facts found on which a finding of negligence could be made.

The subsidiary findings of the auditor that relate to the matter of the care used by the plaintiff do not as matter of law compel a finding that he was negligent. It could have been found on the reported facts that just prior to the collision the speed of his truck was not unreasonable, in the attendant circumstances. In cases involving similar facts,

where driving conditions or visibility was poor, it has been held that the fact that an operator of a motor vehicle drove it into a parked vehicle which displayed no red light did not require a conclusion as matter of law that the operator was guilty of contributory negligence. *Woolner* v. *Perry,* 265 Mass. 74, 77. *Lebowitz* v. *Bova,* 274 Mass. 23. *Renaud* v. *New England Transportation Co.* 286 Mass. 39, 44, 45. *Jacobs* v. *Moniz,* 288 Mass. 102, 106, 107. *Langill* v. *First National Stores Inc.* 298 Mass. 559, 562. *Baker* v. *Hemingway Brothers Interstate Trucking Co.* 299 Mass. 76, 79. *Price* v. *Pearson,* 301 Mass. 260, 263, 264.

The facts in the case at bar as to weather and driving conditions at the time of the collision and as to the appearance of the parked motor vehicle distinguish it from cases where, because of favorable weather conditions and the visibility of such a vehicle, it was held that the rear end collision could have occurred only if the plaintiff was negligent. *Stone* v. *Mullen,* 257 Mass. 344, 346. *Ouillette* v. *Sheerin,* 297 Mass. 536, 539.

*Exceptions overruled.*