JOHN F. BRESNAHAN *vs.* MAURICE N. PROMAN.

Suffolk.     May 6, 7, 1942. — August 5, 1942.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Motor Vehicle*, Equipment. *Actionable Tort. Proximate Cause. Conflict of Laws. Negligence*, Contributory, Motor vehicle, Use of way. *Practice, Civil*, Question of law or of fact, New trial.

A violation of Pub. Laws of New Hampshire, c. 103, § 6, as amended by Laws of 1933, c. 105, § 2, by allowing a motor vehicle to stand on a public way in New Hampshire at night without a lighted tail light, gave rise per se to a right of action against the operator for injury proximately caused thereby.

In an action brought in Massachusetts against the operator of a motor vehicle for injury arising out of an accident occurring in New Hampshire, a standard of duty imposed on the operator by the law of New Hampshire was determinative respecting his conduct; but the question, whether contributory negligence of the plaintiff was a matter of law or of fact, related to the method of the trial and should be decided according to the law of Massachusetts.

Allowing a motor vehicle to stand on a public way at night without a tail light in violation of a statute requiring such a tail light visible for one hundred feet behind the vehicle might be found to be the

proximate cause of a collision of a second motor vehicle with the rear thereof where there was evidence justifying the inference that the operator of the second motor vehicle could have stopped within one hundred feet if he had been warned by such a lighted tail light.

Testimony by a plaintiff as to the circumstances in which, operating an automobile on a country road at about forty miles an hour at night, he collided with the defendant's automobile standing on the right side of the way without a lighted tail light, did not require a ruling that he was guilty of contributory negligence as matter of law.

There was no abuse of discretion nor error of law in the denial of a motion for a new trial based on the ground that a verdict for the plaintiff for personal injuries arising out of an automobile accident was against the law and the evidence although the evidence in behalf of the defendant seemed on the printed record to be well substantiated.

TORT. Writ in the Municipal Court of the Dorchester District of the City of Boston dated February 9, 1939.

Upon removal to the Superior Court, the action was tried before *Warner*, J. There was a verdict for the plaintiff in the sum of $3,500. The defendant alleged exceptions.

*T. G. Heyliger*, (*E. F. Henry* with him,) for the defendant.
*W. Kopans*, for the plaintiff.

QUA, J. This is an action to recover for personal injury and property damage alleged to have been sustained by the plaintiff when he drove his automobile into the rear of the defendant's automobile on "Route 28," a two lane concrete highway, in Windham in the State of New Hampshire, at about 8 P.M. on April 6, 1938. The only breach of duty on the part of the defendant of which the record discloses any evidence consisted in allowing his automobile to stand on the plaintiff's right hand lane without a lighted tail light. Such light is required by Public Laws of New Hampshire, c. 103, § 6, as amended by Laws of 1933, c. 105, § 2.

The plaintiff himself was the only witness on his side of the case who testified as to what occurred at the scene of the accident. According to his evidence he had rounded the "vertical curve" at the top of a hill and was going down the farther side at about forty or forty-two miles an hour, when he became aware of what "seemed like a dark object" with no light on it about sixty-five to seventy feet in front of him. At approximately the same time he noticed one

light on his left and thinking that light was on another automobile approaching him with only one headlight, or on a motorcycle, he did not turn to his left, and although he did everything he could to stop his own automobile, he struck the dark object, which turned out to be the defendant's automobile. The road was straight. It was a clear dark night, and "traffic conditions were very quiet."

Evidence introduced by the defendant tended to paint a quite different picture. According to this evidence the road was under construction, and the north-bound lane, on which the plaintiff was travelling, was barred. North-bound traffic had to wait its turn to use the single free lane. The defendant's automobile was the second of a line that was forming of waiting vehicles. Its tail light was burning. There were illuminated warning signs as one approached over the hill. There were "bombs" and "flares," and persons were about, including a "flagman" with a flashlight. The plaintiff drove down the hill at a speed estimated at fifty miles an hour and, without slowing down, struck the defendant's automobile, causing all three automobiles to crash together.

There was no error in refusing to direct a verdict for the defendant. The jury could believe the plaintiff's story of the accident and reject that of the defendant, including the lights and warnings, however well substantiated the latter may appear to have been from the printed record. We must assume that the defendant's tail light was unlighted. As we understand the law of New Hampshire, violation of the statute is more than mere evidence of negligence. It is in itself a breach of duty upon which a cause of action may be rested if it causes injury. *Johnson* v. *Boston & Maine Railroad*, 83 N. H. 350. *Fontaine* v. *Charas*, 87 N. H. 424, 426. *Putnam* v. *Bowman*, 89 N. H. 200, 202–203. See *Eastman* v. *Herrick*, 87 N. H. 58. The statute prescribed the standard of duty owed by the defendant at the time and place of the accident, and that standard must control wherever the case is tried. *Peterson* v. *Boston & Maine Railroad*, 310 Mass. 45, 47–48.

The defendant contends that violation of the statute

could not be found to have been a proximate cause of the injury to the plaintiff. His argument is that the statute requires only a tail light "visible for a distance of at least one hundred feet behind . . . [the] vehicle"; that therefore the defendant's statutory obligation to the plaintiff did not begin until the plaintiff had reached a point one hundred feet from the defendant's automobile; and that when the plaintiff reached that point he could not have stopped even if the defendant's tail light had been burning, since the plaintiff himself testified without contradiction that at a speed of forty miles an hour he could stop his automobile in about one hundred twenty or one hundred twenty-five feet. But the plaintiff also testified that, although he did not see the "dark object" until he was about sixty-five to seventy feet from it, he actually succeeded in slowing down to fifteen miles an hour before the collision. If the jury accepted that statement they might infer that if there had been a tail light visible only one hundred feet the plaintiff could have come to a full stop in the extra thirty to thirty-five feet thus afforded him. All of the plaintiff's estimates of distance, time, and speed were subject to inaccuracies, and the jury could decide which of them it would believe and what inferences it would draw from them. Whether there was a causal relation between the violation of the statute and the accident was a question for the jury. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 604. *Hallett* v. *Crowell*, 232 Mass. 344. *Gordon* v. *Bedard*, 265 Mass. 408. *Leveillee* v. *Wright*, 300 Mass. 382, 387–389. *Butler* v. *Curran*, 302 Mass. 1, 3–4. *Cutler* v. *Johansson*, 306 Mass. 466, 469. And see cases cited in the next paragraph.

The defendant further insists that the plaintiff shows himself as a matter of law to have been guilty of contributory negligence. The question whether this was matter of law or of fact relates to the method of trial and is to be decided according to the law of the place of trial. *Peterson* v. *Boston & Maine Railroad*, 310 Mass. 45, 47–48. If the plaintiff's evidence was believed, and the circumstances of the accident were as he testified them to be, the issue

whether he was contributorily negligent was one of fact. It could not be ruled, as matter of law, that the exercise of due care required him to see the "dark object" sooner than he did. He gave varying estimates of the distance he could see with his headlights, ending with the statement that "he could clearly make out objects for probably around seventy feet." See *Jacobs* v. *Moniz*, 288 Mass. 102, 106. He testified that the road was dark, except for the one light he thought was approaching him. He could rely to some extent upon travellers obeying the statute in regard to lights and according to common experience he could even reasonably expect that a tail light would be visible farther than the required one hundred feet. His speed of about forty miles an hour in a country district on the kind of road he described cannot be held negligence as a matter of law. *Renaud* v. *New England Transportation Co.* 286 Mass. 39, 44. The case falls within the authority of *Woolner* v. *Perry*, 265 Mass. 74, 77, *Lebowitz* v. *Bova*, 274 Mass. 23, *Renaud* v. *New England Transportation Co.* 286 Mass. 39, *Jacobs* v. *Moniz*, 288 Mass. 102, *Langill* v. *First National Stores Inc.* 298 Mass. 559, *Baker* v. *Hemingway Brothers Interstate Trucking Co.* 299 Mass. 76, *Price* v. *Pearson*, 301 Mass. 260, and *Cutler* v. *Johansson*, 306 Mass. 466. It is true that differences of varying degree can be pointed out between some of these cases and the case at bar, but the cases cited, taken together, sufficiently show that the present case should be classed with them and not with *Stone* v. *Mullen*, 257 Mass. 344, *Levine* v. *Bishop*, 292 Mass. 277, and *Ouillette* v. *Sheerin*, 297 Mass. 536.

There was no error in allowing the plaintiff's motion to amend his declaration to conform to the proof on issues fully heard at the trial. *Pizer* v. *Hunt*, 253 Mass. 321, 330–333.

The defendant's exception to the denial of his motion for a new trial on the ground that the verdict was against the law and the evidence and that the damages were excessive asks us, in substance, to hold that the trial judge abused his discretion in denying the motion. The field of discretion of the trial judge in these matters is very broad. Only

in rare instances can it be ruled that there has been an abuse of discretion amounting to error of law. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 497, 502. *Murnane* v. *MacDonald*, 294 Mass. 372. *Long* v. *George*, 296 Mass. 574, 578, 579. Upon reading the printed record the evidence in behalf of the defendant seems strong, but the trial judge had the advantage of seeing the witnesses. We cannot say that he abused his discretion. *Palma* v. *Racz*, 302 Mass. 249. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 349.

It is difficult to see how we could have sustained these exceptions whatever view we might have taken of the matters hereinbefore examined, since it appears from the bill of exceptions that the report of an auditor was read to the jury, and the report does not appear in the record. We do not know what findings of fact the auditor made. We have, however, discussed the case as the parties have presented it.

*Exceptions overruled.*