*Northern District*

No. 5449

ANTHONY L. MARCELLI
v.
CHECKER TAXI COMPANY

(June 7, 1961)

*Present:* Brooks, P.J., Eno & Northrup, JJ.

Case tried to ————, *J.,* in the District Court of Southern Essex. No. 2909 of 1958.

*Eno, J.*    This is an action of tort by which the plaintiff seeks to recover for property damage to his automobile alleged to have been caused by the negligence of the defendant.

The latter pleaded a general denial and the contributory negligence of the plaintiff.

*There was evidence tending to show that* the plaintiff was operating his automobile in a northerly direction on the North Shore Boulevard in Revere in a line of traffic at a speed of about twenty five miles an hour and that his windshield wipers were operating; into three lanes by white intermittent lines; that the defendant's disabled taxicab, owned that the highway at that point was divided and registered in the name of the defendant, was parked on the left hand side of the travelled part of said highway, and appeared to be straddling the white line nearest the island in the middle of the highway; that there were no lights on said taxicab, but there was a large dirty sign on the back thereof; that an automobile operated by one Staretz was immediately in front of the plaintiff's automobile and as he (Staretz) came near said taxicab endeavored to turn to the right, but was prevented from doing so by the flow of traffic on the operator's right and stopped his automobile without colliding with the taxicab; that the plaintiff looked to his right and because of the flow of traffic was also unable to turn to the right, pulled it slightly to the left and collided with the Staretz automobile; that the plaintiff got out of his automobile and approached the taxicab, and its operator was seen walking towards him with what looked like a book or magazine in his hand and stated that he was disabled and waiting

for assistance from his garage in Boston; that the taxicab operator then went to the glove compartment of the taxicab and took out a flashlight and handed it to a passenger in the Staretz automobile; that the latter then went to the rear of the automobiles and started to wave the flashlight to warn the oncoming traffic; that it was then about eight o'clock in the evening and it was dusk and raining or misty at the time and that there were no flares or other signals in the proximity of the taxicab to warn the oncoming traffic.

The remaining evidence had to do only with the amount of damages.

The *defendant* offered no evidence at the trial and the trial judge allowed *his* two requests for rulings:

>    1.   The evidence does not warrant a finding for the plaintiff.
>    2.   The evidence requires a finding for the defendant.

He found for the defendant *without making findings of facts.*

The report states that it contains all the evidence material to the questions reported. The plaintiff claims to be aggrieved by the allowance of said two requests for rulings. In allowing these requests the judge ruled that a finding for the defendant was required *as a matter of law.*

As there was a collision the usual questions of due care on the part of the plaintiff and negligence of the defendant are raised

and ordinarily these are issues of fact for the jury, or a judge sitting without jury. *Hennessey v. Taylor,* 189 Mass. 583; *Nash v. Heald,* 306 Mass. 518, 520; *Brightman v. Blanchette,* 307 Mass. 584, 586, 587.

In a case heard by a judge without a jury he acts in a dual capacity. He must not only lay down correct and applicable rules of law, but must perform the additional function of finding the facts. *John Hetherington & Sons Ltd. v. William Firth Co.,* 210 Mass. 8, 18.

"The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented him for this purpose in such a way as to make plain that he has not fallen into error." *Povey v. Colonial Beacon Oil Co.,* 294 Mass. 86, 93.

Whether the defendant was negligent in parking its taxicab on a busy highway without lights as was done in this case, and whether the plaintiff was contributorily negligent were questions of fact to be decided by the Court upon consideration of all the evidence and reasonable inferences therefrom. *Stickel v. Cassasa,* 268 Mass. 59; *Rizzo v. Ahearn,* 278 Mass. 5; *Kelsall v. N.Y., N.H. & H.R.R.,* 196 Mass. 554. Since the trial judge made no findings of facts we cannot definitely state on what basis he allowed the defendant's requests. Did he find that the de-

fendant was not negligent or that the plaintiff was negligent and his negligence contributed to his damages?

■ First, was the defendant negligent? Being parked at night without lights the defendant was violating G. L. (Ter. Ed.) c. 85, §15, and c. 90, §7. *Com. v. Henry,* 229 Mass. 19; *Jacobs v. Moniz,* 288 Mass. 102, 104; *Ouellette v. Sherrin,* 297 Mass. 536; *Price v. Pearson,* 301 Mass. 260. The violation of these statutes was evidence of negligence. *Tevyan v. Hemingway Bros. Interstate Trucking Co.,* 284 Mass. 441; *Renaud v. N. E. Transportation Co.,* 286 Mass. 39; *Cutler v. Johansson,* 306 Mass. 466; *Monroe v. Vassalotti,* 1960 Adv. Sh. 655. But such violations in themselves were not necessarily negligence — *Wynn v. Sullivan,* 294 Mass. 562, and cases cited, for it is not enough to show the violation of the statutes, the plaintiff has the further burden to prove that that condition was actually a proximate cause contributing to his damages. *Wall v. King,* 280 Mass. 577; *Leveille v. Wright,* 300 Mass. 382.

■ In some cases the court has ruled that such condition was sufficient to make out a jury question as to the negligence of the defendant. *Woolner v. Perry,* 265 Mass. 74; *Price v. Pearson,* 301 Mass. 260. On the other hand the taxicab might have been disabled just before the collision. The statute requiring lights on a motor vehicle after sunset does not require the impossible. There is nothing in the report to show how long it had stood

in the roadway. The operator of the taxicab might not have had a reasonable length of time to arrange for lights or flames after the taxicab became disabled.

■ Was the plaintiff contributorily negligent? The Staretz' automobile had stopped without colliding with the taxicab. If the plaintiff had stopped his automobile instead of trying to pass the Staretz automobile to the right and then to the left, there would have been no collision. There seems to be only one conclusion which we think the judge had in mind, that is, that the defendant could have avoided the collision if he had not been driving so fast or so close to the Staretz automobile.

■ While it might have been error on the part of the trial judge to find for the defendant *as a matter of law,* we think it was not prejudicial error as the evidence warranted a finding for him on the facts.

In this case the court could have denied the defendant's requests for rulings stating either that he found that the defendant was not negligent, or that he found that the plaintiff was negligent and that his negligence contributed to his injury, or, better still, he could have treated the requests as waived in view of his finding for the defendant.

But since the evidence as reported was ample to support a finding for the defendant, we do not feel that a new trial is necessary in this case, and, therefore, the report is to be dismissed.

Mayland P. Lewis of Lynn, for the Plaintiff.
No brief or argument for the Defendant.