REGINA A. KANDO, administratrix, *vs.* DICK WELLER, INC. & another[1] (and two companion cases[2]). May 11, 1976. 1. We do not consider whether the judge erred in striking Derby's unresponsive answer (an estimate of the speed of the Kando vehicle at the time of impact) and instructing the jury to disregard that answer because there was no objection to either of those actions. Mass.R.Civ.P. 46, 365 Mass. 811 (1974). 2. It could not properly have been ruled that either Kando or Chittim was guilty of contributory negligence as matter of law. There is no absolute rule of law that one is guilty of negligence if he drives a motor vehicle along a public highway at night in a thick fog at such a speed that the vehicle cannot be stopped within the distance that objects can be seen ahead of it. *Renaud* v. *New England Transp. Co.* 286 Mass. 39, 44-45 (1934). A careful review of the exhibits displayed at the argument and of the testimony reproduced in the appendix leads us to the conclusion that all three of the present cases are governed in principle by such cases as *Renaud* v. *New England Transp. Co.,* 286 Mass. at 41-43, 44, *Jacobs* v. *Moniz,* 288 Mass. 102, 106-107 (1934), *Cutler* v. *Johansson,* 306 Mass. 466 (1940), and *McGaffee* v. *P.B. Mutrie Transp. Inc.* 311 Mass. 730, 733-734, 735-736, 737 (1942), rather than by such cases as *Stone* v. *Mullen,* 257 Mass. 344 (1926), *Levine* v. *Bishop,* 292 Mass. 277 (1935), *Ouillette* v. *Sheerin,* 297 Mass. 536, 538-539 (1937), and *Hultberg* v. *Truex,* 344 Mass. 414, 416-417, 418-419 (1962). As to Kando, see also *Campbell* v. *Ashler,* 320 Mass. 475, 478-479 (1946). 3. There was ample evidence of Bell's negligence, and the judge did not abuse his discretion in refusing to disturb the jury's determination of the degree of Bell's culpability under G. L. c. 229, § 2 (as amended through St. 1967, c. 666, § 1). See *Toczko* v. *Armentano,* 341 Mass. 474, 481-482 (1960). See also *Shockett* v. *Akeson,* 310 Mass. 289, 292 (1941). The case of *Herwitz* v. *Massachusetts Bay Transp. Authy.,* 353 Mass. 594, 598-600 (1968), is distinguishable in several respects.

*Judgments affirmed.*

*Timothy H. Donohue* for Dick Weller, Inc. & another.

*Robert L. Steadman* for Regina A. Kando, administratrix.

*Peter A. Kerr* for New England Telephone & Telegraph Company.

---

[1] Robert M. Bell.

[2] American Courier Corporation *vs.* Dick Weller, Inc. and New England Telephone and Telegraph Company *vs.* Dick Weller, Inc.